In the Matter of STEWART WILLIAMS, Petitioner, against CITY OF ALBANY, Respondent.

Supreme Court, Trial Term, Albany County, February 1, 1949.

*Bender Solomon* for petitioner.

*John Holt-Harris* for respondent.

BOOKSTEIN, J. On September 26, 1948, petitioner was injured in a collision between a motorcycle operated by him and a motor vehicle owned by the City of Albany and operated by one of its patrolmen. As a result, petitioner was injured and removed to the Memorial Hospital where he was confined until the 14th day of January, 1949. On January 13, 1949, petitioner verified a claim against the City of Albany as required by law and on January 14, 1949, the date of his discharge from the hospital, instituted this proceeding under section 50-e of the General Municipal Law for leave to serve a notice of claim after the expiration of sixty days from date of his injury.

The application is opposed on the ground that while petitioner was confined to the Memorial Hospital for the period stated, he nevertheless was not so incapacitated physically and mentally as to prevent him from serving his notice of claim within the said sixty-day period. It is true that " A judgment against a municipal corporation must be paid out of the public purse. Raids by the unscrupulous will multiply apace if claims may be postponed till the injury is stale." (*Thomann* v. *City of Rochester,* 256 N. Y. 165, 170.)

The reason for the short period fixed for the filing of a notice of claim against a municipal corporation is to prevent undue advantage being taken of a municipality by the late filing of stale claims of accidents concerning which the municipality is without knowledge, with the consequence that its rights may be prejudiced by lack of opportunity to make an investigation, promptly after the occurrence of an accident. The reason for the rule is a salutary one. The reason therefor no longer exists, however, in a situation such as this where an injury arises out of a collision between a vehicle operated by the claimant and a

vehicle owned by the municipality and operated by its servant, as the municipality is necessarily apprised of the possibility of the claim and of the circumstances which give rise to it immediately upon the occurrence of the injury. The statute makes no distinction in the matter of the time in which claims must be filed between situations where the municipality has actual knowledge of the incident promptly and where it has no knowledge at all. However, section 50-e of the General Municipal Law does vest in the court discretion to excuse the failure to file in due season where the delay is due to physical incapacity and the application is made promptly after the incapacity ceases. The discretion of the court is more readily invoked in favor of a claimant in a situation where the municipality has had full knowledge of the situation which gives rise to the claim than in one where the city is not apprised of the matter until the claim is attempted to be filed.

While claimant may not have been physically disabled to the extent that he was physically unable to sign a verified claim, yet his being hospitalized continuously throughout the entire sixty-day period in which he could file the claim as of right, is sufficient evidence of physical incapacity to justify granting the relief sought. It is hardly to be expected that a claimant who is hospitalized during the sixty-day period could properly prepare, verify and serve the notice of claim required by law and this is particularly true where the claimant is a layman who, if he attempted to make, verify and file such a claim, would doubtless invariably do it in such a manner as to fail to meet the statutory requirements concerning such a claim. Nor does it seem that in such a situation claimant should be required to have a lawyer come to the hospital to obtain the necessary data to prepare the notice of claim and have it executed and filed within the sixty-day period.

Here petitioner moved for permission to file his notice of claim on the day of his discharge from the hospital. Where, as here, the municipality had knowledge of the basis of the claim asserted against it from the very instant when the claim arose, and the claimant was hospitalized beyond the sixty-day period, and moved for the relief afforded by section 50-e, immediately upon his discharge from the hospital, to deny the relief sought would be to turn a shield of protection into a sword of oppression.

Motion granted. Submit order permitting filing of notice of claim within ten days after entry of the order herein.