In the Matter of JESSIE HUNTLEY, Petitioner, against CITY OF ALBANY, Respondent.

Supreme Court, Special Term, Albany County, June 16, 1951.

*E. Stewart Jones* for petitioner.

*Russell G. Hunt, Corporation Counsel* (*Samuel Jacobs* of counsel), for respondent.

MACAFFER, J. This is an application for leave to serve a notice of claim against the City of Albany pursuant to subdivision 5 of section 50-e of the General Municipal Law. The applicant alleges that he was injured on the 16th day of December, 1950, by reason of the negligence of the City of Albany

and others; that he tripped and fell in the roadway of South Pearl Street when his foot caught in a hole adjacent to the westerly side of the west car track; that he was taken to the Albany Hospital and treated as an emergency patient; that his left knee was bandaged; that he was given crutches and told to keep off his feet and was advised to return to the hospital clinic for treatment; that he continued to use the crutches and was in great pain; that on February 13, 1951, he was admitted to the hospital; that on the 15th day of February, 1951, his right leg was amputated; that he developed pneumonia; that on March 16, 1951, he submitted to thoracic surgery and a rib was removed; that he remained in the hospital until April 11, 1951, when he was discharged and sent to his home and is still under the care of two physicians; that he is still confined to his home; that he is unable to either read or write; that by reason of these injuries he was and still is confused mentally; that it was not until about the 1st of May, 1951, that he was able to give any thought to taking any legal action and that about that time he consulted E. Stewart Jones, Esq., who is acting as his attorney.

The applicant asks that by reason of his physical disability and mental and nervous condition, his failure to sooner file his claim be excused and that he be permitted at this time to file a claim against the city.

The city opposes his application and contends that the applicant was neither mentally nor physically disabled from filing a notice of claim within ninety days after the alleged accident and that this application does not come within the provisions of subdivision 5 of section 50-e of the General Municipal Law. The city submits affidavits of individuals who live in the same vicinity as the applicant who related their observations of and contact with the applicant during the period between December 16, 1950, and February, 1951; the city also submits transcripts of the testimony given by two individuals at hearings held before the comptroller of the City of Albany relative to the activities of the applicant prior to the time when his leg was amputated.

The courts have granted applications for the relief requested here in cases where the injured party was either mentally and/or physically disabled from the time of the accident to a time beyond the ninety-day period. (*Matter of Colehammer* v. *City of Albany*, 276 App. Div. 809; *Matter of Stuto* v. *City of New York*, 192 Misc. 935; *Matter of Greenfield* v. *City of New York*, 186 Misc. 903.)

The facts in this case differ from the facts presented in the above-cited cases. Here, there is a grave question as to whether the applicant was so incapacitated as to be entitled to the relief requested during the period from the date of the accident to February 13th, a period of fifty-nine days. The facts also disclose that from February 13th until after the expiration date of the ninety-day period the applicant was physically and mentally disabled. The applicant was not discharged from the hospital until April 11, 1951, and since that time has been confined to his home. The applicant has submitted proof that his disability, both physical and mental, continued beyond that time and it would seem that the applicant, after his discharge from the hospital, acted with dispatch in consulting an attorney and instituting this motion.

The city contends that even assuming that the applicant did become either mentally and/or physically disabled on February 13th and that such disability continued beyond the statutory ninety-day period that inasmuch as the applicant had ample opportunity prior thereto to file his claim, he is not now entitled to the relief requested.

The applicant contends that since he was entitled to serve his claim, pursuant to the provisions of the statute, at any time within ninety days after the accident, he should not be denied the relief requested because he did not file within the first fifty-nine days following the accident when, thereafter, he became both mentally and physically disabled for a length of time extending beyond the ninety-day period following the happening of the accident.

This court feels that it would be a very harsh interpretation of the statute to say that if a claimant does not file soon after the happening of an accident and then becomes disabled for a period beyond the statutory time that he should not be entitled to relief, regardless of his showing of incapacity during the remaining days of the statutory period. To adopt such an interpretation would in fact require a claimant to immediately file his claim in order to protect his rights and would prevent him from waiting for any period of time lest he might become incapacitated and then forever be prevented from filing his claim. The courts have interpreted this section, subdivision 5 of section 50-e of the General Municipal Law, to mean that claimants shall have relief in cases in which the facts justify the same and that this statute is not to be construed so rigidly as to deny justice to claimants. (*Matter of Hector*

v. *City of New York,* 193 Misc. 727; *Matter of Williams* v. *City of Albany,* 193 Misc. 1037; *Matter of Stuto* v. *City of New York,* 192 Misc. 935, *supra.*)

This court feels that in the interest of justice the application should be granted. The applicant here, because of the development of this more serious condition and incapacity, did not have the benefit of the ninety-day period. If he had been so incapacitated for the first eighty days of this period and had filed shortly after the expiration date there is no doubt, in view of the decisions of our courts, but that the relief would be granted. Here the incapacity occurred during the latter part of the statutory period and as soon as the applicant had recovered sufficiently to enable him to do so he seeks to file his claim.

Submit order accordingly.