Daniel J. 0 ’Mara, J.
The application for permission to file a notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law is made in behalf of an infant who at the time of the claimed occurrence was 16 years of age.
The following facts do not seem to be in dispute. The infant on the morning of October 31, 1957 was participating in a game in the gymnasium of the Wheatland-Chili Central School where she was a student. The game was conducted under the supervision of one of the school instructors. That during the course of the game the infant was thrown to the floor and came in contact with the bottom step of the stands which rise from the edge of the gymnasium floor, resulting in serious injuries to her person. That the infant was immediately taken by the instructor to the nurse’s office. The nurse in charge placed a call for the school physician who could not at the time be contacted, whereupon the nurse placed a call for the infant’s family physician who directed the infant to be taken home.
It further appears that during the 30-day period immediately following the accident, the infant’s mother notified by telephone the principal of the Wheatl'and-Chili Central School of the occurrence of the accident and of claimant’s condition. That on or about December 1, 1957 a representative of the insurer of the school in question visited the infant’s home and talked with her mother relative to the accident and the infant’s injuries.
Though the application here is close to the last day of the year in which an application for the relief sought may be made, it is still within the statutory period and discretion may be exercised. It is not believed from the conceded facts that the Bbard of Education of the school district in question was in any way prejudiced because of the failure to file a notice of claim within the statutory period. The accident happened in the very presence of an employee of the Board of Education, namely the infant’s instructor, and the infant was immediately taken into the presence of the school’s nurse, another employee of the Board of Education. It cannot be said that the Board of Education did not have a fair opportunity at the time of *953 the happening of the accident to investigate the circumstances that brought about the injuries to the infant. After all is said and done, the prime purpose of the enactment of the statute in question was to give the public agency an adequate opportunity to investigate the cause of the accident at or near the date of its occurrence in order to determine the possible merit to any claim that might be presented.
Unless it definitely appears that the public agency has been prejudiced due to the failure to file a claim in behalf of an infant, the recent decisions of our appellate courts seem to hold that discretion should be exercised in favor of the infant claimant. (See Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226 and cases cited; Matter of Hogan v. City of Cohoes, 279 App. Div. 282; Biancoviso v. City of New York, 285 App. Div. 320; Matter of Osborn v. Board of Educ., 5 A D 2d 929.)
Motion is granted.
Submit order accordingly.