John J. Walsh, J.
The infant herein, 18 years of age, sustained personal injuries on February 9, 1959, as the result of slipping and falling on an icy condition near the entrance to the Borne Free Academy in the City of Borne, Hew York, a secondary educational institution, owned and controlled by the Board of Education of the City of Borne.
The reason for the failure to file the notice of claim within the statutory period is alleged to be:
(1) The infant was hospitalized the same day as a result of the accident.
(2) On the same day and immediately thereafter, the infant conversed with the school nurse and the supervisory principal concerning the accident.
(3) That the information given by the infant was recorded by a written memorandum.
(4) That the claimant was told by the school nurse that since she had not taken out an insurance policy at the beginning of the school year, that the nurse could not do anything for her, and that because of her statement, claimant believed that she had no right to redress.
(5) That the guardian of the infant was unaware of this conversation and was further unaware of the necessity of filing a notice of claim and believing that the insurance adjuster would contact her for settlement in view of the knowledge of the acci *65 dent by the school authorities and the advice to her that tutoring fees for her daughter, while convalescing at home would be borne by the City School District, permitted the statutory period to lapse.
(6) Thereafter, the guardian learned of the conversation with the school nurse and consulted her attorney.
Upon the argument of this motion, the request for permission to file a claim on behalf of the father of the infant was withdrawn as not within the discretion of the court.
The School. District opposes the application upon the following grounds:
(a) The claimant is of sufficient maturity to be required to comply with the filing requirement.
(b) There is no relation as required by statute between the fact of infancy and the failure to file.
This opposition is based upon a series of cases stemming from Russo v. City of New York (258 N. Y. 344) which provided for a stricter application of the statute relating to filing of claims by “ mature ” infants than those of more “ tender ” years.
The Russo case, however, and those cases stemming from it cannot be applied to the instant motion because the Court of Appeals [1950] in the Matter of Martin v. School Bd. of Long Beach (301 N. Y. 233, 239) held that: “ References to the cases such as Murphy v. Village of Fort Edward (213 N. Y. 397) and Russo v. City of New York (258 N. Y. 344, supra) decided before section 50-e became the law, are helpful only to show what the law was before September 1,1945 ”.
The courts have demonstrated a policy of deciding each application upon its own facts in such a way as to protect the municipal corporation against fraudulent or stale claims and at the same time to provide for the disposition of an honest claim without regard to legal technicalities.
Subdivision 5 of section 50-e of the General Municipal Law provides that the court may “in its discretion ” where the claimant is an infant who failed to serve the notice of claim within a 90-day period “ by reason of such disability ” within one year after the happening of the event permit such notice of claim to be filed.
This may be done ‘1 upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim.” (General Municipal Law, § 50-e, subd. 5.)
The claim sought to be filed herein is neither fraudulent nor stale. The school authorities had knowledge of the accident *66 (regardless of whether they are responsible for it or liable to respond in damages) the same day and were thus afforded an opportunity to make an early investigation of the claim while the facts surrounding it were still “ fresh ” (Matter of Martin v. School Bd. of Long Beach, 301 N. Y. 233, supra).
‘ ‘ In the case at bar we are not dealing with a fraudulent or stale claim. There can be no doubt that the employees of the board of education had knowledge of all the facts immediately upon the happening of the accident. It is therefore clear that the ‘ safeguards devised by the law to protect, municipalities against fraudulent and stale claims’ have not been violated.” (Biancoviso v. City of New York, 285 App. Div. 320, 322 [1955]; see, also, Matter of Short v. Board of Educ. of City of Watertown, 12 Misc 2d 440 [1956].)
“ Unless it definitely appears that the public agency has been prejudiced due to the failure to file a claim in behalf of an infant, the recent decisions of our appellate courts seem to hold that discretion should be exercised in favor of the infant claimant.” (Matter of Lepenske v. Board of Educ. of Cent. School Dist. No. 1,14 Misc 2d 951, 953.)
Motion is granted, without costs. Submit order accordingly.