■ In the Matter of MICHAEL F. SHANE, Respondent, v. COUNTY OF ALBANY, Appellant.— Appeal by the County of Albany from an order of the Supreme Court, Albany County, granting an application for leave to file a late notice of claim for personal injuries (General Municipal Law, § 50-e, subd. 5). On October 24, 1962, respondent, while confined in the Albany County Jail, was allegedly stabbed in the chest with a kitchen knife by a fellow inmate. Emergency surgery was required and respondent remained in the hospital until February 15, 1963. On his release he received follow-up treatment until March 15, 1963. On March 18, 1963 he contacted an attorney, and the instant proceeding was commenced on April 2, 1963. Appellant urges that the application was not filed "within a reasonable time" after expiration of the 90-day period as required by subdivision 5 of section 50-e since some 6 weeks elapsed between respondent's discharge from the hospital and the commencement of the instant proceeding. The trend of the cases indicates more liberality in interpreting subdivision 5 of section 50-e (e.g., *Matter of Pandoliano* v. *New York City Tr.*

*Auth.*, 17 A D 2d 951; *Matter of Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282; but, cf. *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680). Under the circumstances of the instant case we cannot say the Special Term improvidently exercised its discretion in determining this issue. Special Term was not bound to find that respondent should have had a lawyer come to the hospital to prepare a notice of claim within the prescribed period (see *Matter of Williams* v. *City of Albany*, 193 Misc. 1037) or alternatively had some relative or friend undertake the task (*Matter of Rosenberg* v. *City of New York*, 309 N. Y. 304). Knowledge of the injury by the municipality is not dispositive, but Special Term could properly take notice of this fact in determining how it would exercise its discretion (see *Biancoviso* v. *City of New York, supra*; *Matter of Lepenske* v. *Board of Educ.*, 14 Misc 2d 951; *Matter of Williams* v. *City of Albany, supra*). Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.