■ In the Matter of the Claim of EDWARD F. TRICOU et al., Respondents, v. TOWN OF DUANESBURG et al., Appellants.— HAMM, J. Appeal from an order of Special Term granting claimants' application for leave to file a notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. The order was granted under the portion of subdivision 5 which provides in substance that the court may grant leave to serve a notice of claim after the expiration of the time specified " where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier." The claimants Edward F. Tricou and Virginia Tricou are husband and wife. The wife's claim is against the appellants, the town and the operator

of its automobile, for personal injuries sustained in a collision between an automobile owned by her husband and an automobile owned by the appellant town and operated by the appellant Stewart, an employee of the town. The husband's claim is for unpaid property damage to the automobile which his wife was operating and for derivative damages arising from his wife's injuries. The claimant Ætna Casualty and Surety Company, hereafter called Ætna, is the collision carrier and its claim against the appellants is in subrogation to recover the collision damages paid to the husband. The following written communication was made to a claims representative of Ætna by a claims representative of the appellants' insurance carrier: "Submitted herewith you will find a copy of our appraisal report in regards to your said vehicle. As you are aware, we have an outstanding P. I. claim open. Kindly diary your file accordingly. Sorry for the delay in getting this report to you." The appraisal report mentioned was in fact annexed. Ætna's representative avers that, when he received "these documents", he "advised the assured accordingly, paid the $313.31 [amount of appraisal less $100 deductible], and marked the case for diary for ninety days." The saving provision of subdivision 5 in issue was intended as remedial legislation and should be construed liberally (Fifth Report of Joint Legislative Committee on Municipal Tort Liability, March 23, 1959, p. 28, N. Y. Legis. Doc., 1959, No. 36, p. 28). We agree with Special Term that the writings constituted settlement representations on which there was justifiable reliance. When the claimant Edward F. Tricou applied to Ætna for payment of his collision damage, he did so at the express suggesstion of the appellants' insurance carrier and, as a result, it became clearly forseeable that Ætna would communicate to the individual claimants the contents of any memorandum from the carrier relating to settlement. The statute did not require that the written representations be made to the claimants Tricou and it was sufficient, at least in the circumstances of the case at hand, that they were made and that the claimants Tricou justifiably relied on them. Order affirmed, on the law and the facts, with $20 costs. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.