■　　In the Matter of the Claim of MYRNA MILLINGTON, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Order entered March 7, 1969, affirmed, with $30 costs and disbursements to respondent. The record amply supports Special Term's findings that claimant was incapable of presenting her claim within the statutory 90-day period due to her disability and that she filed her claim within a reasonable time after the incapacity was terminated. Claimant was confined to hospitals for a period of 175 days following the accident on May 22, 1968 with a double leg amputation. She was discharged on November 13, 1968 but returned for treatment November 27, 1968. She retained counsel on November 19, 1968, who in turn retained special counsel who promptly filed claim on December 12, 1968. In view of her injuries, the large number of drugs given to her, the physical and emotional shock she experienced, there can be no question of her disability and incapacity to timely file her notice of claim. (See *Rosenberg* v. *City of New York,* 309 N. Y. 304; *Matter of Smith* v. *New York City Tr. Auth.,* 18 A D 2d 10.) Under the circumstances of the instant case we cannot say that Special Term improvidently exercised its discretion. Concur — Capozzoli, McGivern and Nunez, JJ.; Eager, J. P., and McNally, J., dissent in the following memorandum: We dissent and vote to remand the proceedings to Special Term for the taking of additional evidence or other proof particularizing the details and circumstances in connection with the alleged delay and the eventual retention of an attorney to prose-

cute the claim. On this record, it is not established that physical or mental disability was responsible for the delay. Claimant should reveal when she first learned of the obligation to file a notice of claim, when she first consulted with an attorney, and when that attorney consulted with her present attorney. Depending upon the facts thus revealed, there may be additional matters that claimant should explain in order to justify or excuse the delay in filing the notice. (*Matter of Brown* v. *New York City Housing Auth.*, 12 A D 2d 590.)