■ In the Matter of the Claim of ALTHA BUSCH, on Behalf of JACK BUSCH, JR., Respondent, v. AUSTIN COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 10, 1970, awarding claimant continuing death benefits commencing September 21, 1940. Claimant's father was killed as a result of an industrial accident on June 28, 1924. An award for death benefits was made to decedent's wife and their children, including claimant, who has been totally disabled since birth. At the time of decedent's death, subdivision 2 of section 16 of the Workmen's Compensation Law provided for death benefits to children of a deceased employee until their eighteenth birthday. Payments

to claimant ceased in 1940 when he reached 18. The law was amended in 1929 to provide for death benefits to a child " of any age dependent blind or crippled ". Upon reopening, the board ruled that claimant was entitled to the additional benefits granted by the amendment. The sole issue raised on this appeal is whether a permanently disabled child of a deceased employee is entitled to death benefits after attaining the age of 18 years under an amendment to the statute (Workmen's Compensation Law, § 16, subd. 2) which was passed subsequent to the employee's accident and death. Prior to the 1929 amendment, section 16 arbitrarily conditioned eligibility for benefits upon age alone without reference to such other physical conditions as would also create dependency. The amendment was enacted to rectify this inequity in the law by broadening eligibility to include blind and crippled dependents irrespective of age. Since the workmen's compensation statute is remedial in nature, it requires a liberal interpretation in order to effectuate its intent and purpose (*Matter of Schmidt* v. *Wolf Contr. Co.*, 269 App. Div. 201, affd. 295 N. Y. 748) and its provisions should constitute a general exception to the rules against retroactivity of statutes (1 McKinney's Cons. Laws of N. Y., Statutes, § 54; *Matter of Mlodozeniec* v. *Worthington Corp.*, 9 A D 2d 21, affd. 8 N Y 2d 918, app. dsmd. and cert. den. 364 U. S. 628). The cases relied upon by appellants are no longer controlling. (See *Matter of Mlodozeniec* v. *Worthington Corp.*, *supra*.) In any event, since the rights and liabilities involved are statutory in nature, even their vesting at the time of decedent's death would not preclude a subsequent change thereof in furtherance of the public welfare. (*Matter of Schmidt* v. *Wolf Contr. Co.*, *supra*.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.