RUTH L. NOLAN, Appellant, v COUNTY OF OTSEGO, Respondent.

Third Department, January 27, 1977

*William J. Cade* for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore (William P. Soronen, Jr.,* of counsel), for respondent.

SWEENEY, J. Claimant has alleged that she received personal injuries as a result of an automobile accident on October 21, 1975 involving a vehicle owned by defendant and a vehicle in which claimant was a passenger. In her affidavit claimant listed as her injuries a concussion, a fractured ulna and a deep laceration of the knee. Her attending physician, in an affidavit, stated that claimant was presently disabled relative to balance and in co-ordination possibly relating from intercranial injury. It also appears from the physician's affidavit that claimant was hospitalized from October 21, 1975 to October 29, 1975. It is claimant's contention that she has been physically disabled from the date of the accident until the present and thus prevented from filing a notice of claim. By a notice of motion dated June 8, 1976, an application was made for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law upon the grounds that claimant was physically incapacitated and thus unable to timely file. Leave was denied at Special Term and this appeal ensued.

Claimant has alleged several facts in her brief not presented at Special Term and not properly presented in the record. These new allegations may not be considered by this court *(Bankers Trust Co. of Albany v Martin,* 51 AD2d 411). Initially, claimant contends that a court's discretion in granting leave to serve a late notice of claim has been expanded by an amendment to section 50-e of the General Municipal Law which became effective September 1, 1976 (L 1976, ch 745). Defendant argues that this amendment should not be given retroactive effect. This court has previously decided that the

saving provisions of subdivision 5 of section 50-e were intended as remedial legislation *(Matter of Tricou v Town of Duanesburg,* 23 AD2d 949). The amendment of this subdivision is also remedial in nature and should be given retrospective application *(Matter of Busch v Austin Co.,* 37 AD2d 648; *Matter of Mlodozeniec v Worthington Corp.,* 9 AD2d 21). A court now has general discretion to extend the time to serve a notice of claim (General Municipal Law, § 50-e, subd 5 [as amd by L 1976, ch 745]). After considering the record in light of these recent legislative changes this court is of the view that leave to file a late notice of claim must nevertheless be denied. Claimant was only restricted to a hospital for some eight days. Her attending physician stated that her present disability relates only to balance and co-ordination. Claimant contends that she has been disabled from the date of the accident to the present time; yet she did at some point engage an attorney to represent her. There is no mention in the record as to the date claimant first consulted with her attorney, nor did claimant sufficiently allege in what way her injuries prevented her from timely filing a notice of claim. Therefore, upon consideration of the entire record we are of the opinion that leave to serve a late notice of claim cannot be granted.

We have carefully considered claimant's other contentions raised in this appeal and find them to be without merit.

The order should be affirmed, without costs.

KOREMAN, P. J., KANE, MAHONEY and MAIN, JJ., concur.

Order affirmed, without costs.