■ ANGELINA RIPPE, Respondent, v CITY OF ROCHESTER, Appellant.— Order affirmed, with costs. Memorandum: On May 21, 1975, approximately four months after slipping on a wet floor of a City of Rochester Senior Citizen Center, claimant, an elderly woman, served her notice of claim pursuant to § 50-e of the General Municipal Law. Thereafter on September 23, 1975 claimant commenced the instant proceeding seeking an order declaring her letter and subsequent affidavit to be a sufficient and effective notice of claim as though filed within the 90-day period required by subdivision 1 of section 50-e. The application fails to satisfy the statutory requirements of subdivision 5 of section 50-e as they existed at the time of Special Term's order; however, effective September 1, 1976, that subdivision was amended to vest in the courts broader discretion to consider all relevant facts and circumstances in deciding whether to extend the time to serve a notice of claim beyond the specified 90-day period. Although the applicability of this amendment to the facts of this case was not raised below, we must take judicial notice of its passage (see *Howard Stores Corp. v Pope,* 1 NY2d 110, 115; *Souveran Fabrics Corp. v Virginia Fibre Corp.,* 32 AD2d 753; CPLR 4511) and we consider its applicability *sua sponte.* The amendment to subdivision 5 of section 50-e is both procedural ( *Matter of Smalls v New York City Health & Hosps. Corp.,* 55 AD2d 537), and remedial (see *Matter of Tricou v Town of Duanesburg,* 23 AD2d 949) in nature. Such amendments constitute exceptions to the general rule that legislative enactments are not to be given retroactive operation *(Shielcrawt v Moffett,* 294 NY 180). Accordingly, the amendment may be applied to this case. Here claimant served her notice of claim within 35 days after expiration of the 90-day statutory period. In view of claimant's advanced age as well as the fact that she was hospitalized for approximately 30 days and, during the three-month period following her accident, suffered the loss of her son, we find that the filing of her notice of claim was effected within a reasonable time after the expiration of the statutory period. Additionally, defendant does not allege that it will suffer any prejudice as a result of the extension. Accordingly, the

grant of this petition was a reasonable exercise of discretion. Nor does our retrospective application *of the amendment extend the time limited for* commencement of an action against the city (General Municipal Law, § 50-e, subd 5; § 50-i, subd 1, par *[c]). It* is clear from the record that claimant originally moved for validation of her notice of claim within one year after her cause of action accrued. Furthermore, she properly commenced her action within one year and 90 days as specified in section 50-i (subd 1, par [c]) of the General Municipal Law. Applying the provisions of the amendment retroactively to the date of her motion for validation of her claim, it is clear that claimant filed her notice of claim and commenced the action within the periods specified under the General Municipal Law. All concur, except Marsh, P. J. and Simons, J., who dissent and vote to reverse the order and deny the motion, in the following memorandum: On January 17, 1975 claimant was injured on the city's property. On September 23, 1975 she commenced this proceeding to compel acceptance of a late notice of claim. In her moving papers she alleges only that she was hospitalized for approximately one month after the accident and that her failure to timely file a notice of claim within 90 days resulted from this hospitalization and her grief over the death of her son. There is no evidence that she was disabled from filing a notice because of her physical or mental disability during the 90-day period, either when she was in the hospital or after she was discharged (see General Municipal Law, § 50-e, subd 5, par [1]; L 1959, ch 814). The members of the court are unanimous in their belief that the application fails to satisfy the statutory requirements for late filing existing at the time of Special Term's order and but for the subsequent amendment of the statute (L 1976, ch 745, eff Sept. 1, 1976), we would reverse and dismiss the petition. However, a majority of the court have decided that the 1976 amendment is retroactive and therefore affirm. The general rule is that statutes operate prospectively only unless there is a clear legislative expression to the contrary. Additionally, when the effective date of the statute is postponed, as it was in this case, the courts have held that the legislative intent that the section be applied prospectively is evident (see *Matter of Deutsch v Catherwood,* 31 NY2d 487; *Shielcrawt v Moffett,* 294 NY 180). The effective date of this amendment was postponed and its provisions contain no indication that the Legislature intended its application to be retroactive. However, it is said that the statute is remedial or procedural in nature and, therefore, that the amendment comes within the recognized exception that procedural statutes apply prima facie to accrued or pending actions and it should be applied to this appeal *(Matter of Deutsch v Catherwood, supra; Shielcrawt v Moffett, supra).* We disagree. Even if it be held that the amendment may be applied retroactively because it does little more than broaden the basis upon which the court may exercise its discretion, it directs that the extension of time to file a late notice "shall not exceed the time limited for commencement of an action by the claimant against the public corporation" (General Municipal Law, § 50-e, subd 5). Thus, on September 1, 1976, when this amendment became effective, claimant was absolutely barred from obtaining relief pursuant to its provisions since her cause of action was more than a year and 90 days old (see General Municipal Law, § 50-i, subd 1, par [c]). She had wholly failed to demonstrate her right to file a late notice under the then existing statute and the period within which she could be granted permission to do so under the ameliorating statutory amendment had expired even before the amendment became effective. Further than that, however, an injustice is done to the city in summarily affirming Special Term's order by applying

the new statute for the first time on appeal because by the provisions of the amendment, the court must consider whether claimant's delay in serving the notice has substantially prejudiced the city in defending the claim on the merits and the city has never had an opportunity to advise the court on this point. (Appeal from order of Monroe Supreme Court—notice of claim.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.