■ RUSSELL E. WILLIAMS et al., Appellants, v TOWN OF IRONDEQUOIT et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiffs moved by order to show cause to serve and file a late notice of claim pursuant to section 50-e of the General Municipal Law against the Town of Irondequoit, County of Monroe, and the Sheriff of Monroe County. The subject claim related to an assault alleged to have been committed on June 10, 1976 upon the persons of the plaintiffs by the defendants police officers and Deputy Sheriffs in the employ of the defendant Sheriff. The incident out of which the claim arose was the subject of a Grand Jury investigation and a Sheriff's department departmental hearing. Plaintiffs testified at the departmental hearing within six weeks of the alleged assault. A representative of their counsel retained 12 days after the incident was also present and participated at the hearing. The show cause order herein was not served until January 24, 1977, seven months after the

occurrence providing the basis for the claim and six months after the departmental hearing. Plaintiffs' counsel asserted as the excuse for the four months' delay beyond the statutory 90 days that he had been engaged in four protracted trials during the months of September, October, November and December. Contrary to the conclusion reached by Special Term that the amendment to section 50-e of the General Municipal Law effective September 1, 1976 was prospective only, we hold as we did in *Rippe v City of Rochester* (57 AD2d 723) that it applies retroactively. In applying the statute which became effective 11 days before the expiration of the 90-day period for the service of a notice of claim, we note as to the Town of Irondequoit that there is no showing in the record that the Town of Irondequoit, its attorney or its insurance carrier had actual knowledge of the essential facts constituting the claim within the 90-day period or within a reasonable time thereafter. The knowledge of its police officers is not knowledge of the public corporation itself *(Phillips v State of New York,* 36 AD2d 679; *Bommarito v State of New York,* 35 AD2d 458). A notice of claim is not required under 50-e to permit an action against the Sheriff, since the County of Monroe is not responsible for the acts of the Sheriff or his deputies (NY Const, art XIII, § 13; General Municipal Law, § 50-e, subd 1, par [b]; *Commisso v Meeker,* 8 NY2d 109; *Snow v Harder,* 43 AD2d 1003; *Foyster v Tutuska,* 25 AD2d 940; *Isereau v Stone,* 3 AD2d 243). As to the County of Monroe, while both the District Attorney's office and the Sheriff's department investigated the incident giving rise to the claim within the 90-day period and presumably established an investigative record which would aid the County Attorney's office in considering the claims, no extenuating circumstances appear in the record which would excuse the seven-month delay on the part of plaintiffs' counsel (cf. *Rippe v City of Rochester, supra).* The court is required to consider all relevant facts and circumstances, and plaintiffs' counsel's associate's active participation in the Sheriff's investigation within one month of the accrual of the claim belies the legitimacy of the excuse proffered that counsel was too busy to give his attention to the service of a notice of claim for a period of seven months. While the record does not reveal it, it is asserted in plaintiffs' brief that the plaintiffs are infants. Even giving credence to these facts dehors the record and in the absence of a showing of prejudice, the failure of counsel to move to serve a notice of claim until seven months after the occurrence underlying the claim is without justifiable excuse and is not shown to be related in any way to the alleged infancy of plaintiffs (cf. *Le Frois Foods Corp. v Aetna Ins. Co.,* 47 AD2d 994). (Appeal from order of Monroe Supreme Court—file late notice of claim.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.