**Vito PALAZZO, Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

No. 77–C–2058.

United States District Court,
E. D. New York.

Jan. 10, 1978.

David Hirschhorn, New Hyde Park, N. Y., Jerome Edelman, P. C., Brooklyn, N. Y., for plaintiff.

David J. Jacobs, Brooklyn, N. Y., W. Bernard Richland, Court Counsel, New York City, for defendant.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

On December 22, 1977, this court issued an order granting plaintiff's motion to file a notice of claim against the City of New York (City) nunc pro tunc. This memorandum sets forth the reasons in support of that order. The court's jurisdiction is based on 28 U.S.C. § 1332.[1]

On October 20, 1976, plaintiff was involved in an automobile accident on the Whitestone Parkway (Parkway) in Queens, New York. The accident rendered him a traumatic paraplegic with a neurogenic bowel and bladder. Plaintiff's complaint alleges that his accident was a result of the City's negligence in that the City had negligently allowed a pool of water to accumulate and a large hole to develop at the Linden Place exit of the Parkway. Plaintiff claims that the pool of water caused his vehicle to enter into a skid and strike the

---

1. Plaintiff is a citizen of Italy residing in College Point, New York. The amount in controversy exceeds $10,000.

hole in the roadway which, in turn, caused him to lose control of the vehicle and strike a utility pole.

N.Y.Gen.Mun.Law § 50–e(1)(a) (McKinney 1976) provides that as a condition precedent to commencing a lawsuit grounded in tort against a municipality of the State of New York, a notice of claim must be filed within ninety days after the claim arises. This motion to file the notice of claim nunc pro tunc was filed with the court on October 18, 1977, almost one year after the claim arose. Plaintiff argues that he should be allowed to file a late notice of claim pursuant to Section 50–e(5) of the General Municipal Law of New York which provides:

5. Application for leave to serve a late notice.

Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one.

The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation, or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.

The City argues that the court lacks jurisdiction to hear plaintiff's motion because the notice of claim is a condition precedent to the initiation of any lawsuit between plaintiff and the City and "[a]t this stage the controversy concerns only the 'condition precedent' . . . ." to the lawsuit and not the lawsuit itself. (Defendant's Memorandum of Law). According to this argument, the diversity of citizenship of the parties would be sufficient to sustain the court's jurisdiction if the matter before the court were a lawsuit. However, because the application to file a late notice of claim is not a lawsuit, but rather a *condition precedent to the bringing* of a lawsuit, the City argues that the court lacks power to entertain the motion. The court finds that the argument is without merit.

N.Y.Gen.Mun.Law § 50–e(5) recognizes that there may be instances when a lawsuit is commenced prior to the making of an application to file a late notice of claim, and specifically provides that such an application shall not be denied on the ground that it was made after the action was commenced. In this case, the complaint was filed on October 14, 1977, four days before the motion to file a late notice of claim was filed. The case is therefore one of those situations anticipated by § 50–e(5), and the court accordingly holds that it does have jurisdiction to entertain the present motion.

The City also asserts that the federal courts are not empowered to rule on applications to file a late notice of claim because N.Y.Gen.Mun.Law § 50–e(7) reserves that power for the State courts. However, that section provides that

All applications under this section shall be made to the supreme court or to the county court in a county where the action may properly be brought for trial *or, if an action to enforce the claim has been commenced, where the action is pending.* (emphasis added)

Since an action to enforce plaintiff's negligence claim has been commenced in this

court, the application to file a late notice of claim is properly before this court as well.

■ Having established that this court has jurisdiction to entertain plaintiff's application, the court also finds that the motion should be granted. N.Y.Gen.Mun.Law § 50–e(5) was amended by the New York State Legislature in 1976. Prior to the amendment, that section permitted the court to exercise its discretion to grant leave to file a late notice of claim in certain situations.[2] One of those situations arose when a claimant who was physically or mentally incapacitated, and who, because of such disability, failed to file a timely notice of claim. *See, e. g., Millington v. New York City Transit Authority,* 33 A.D.2d 737, 305 N.Y.S.2d 870 (1st Dep't 1969). This category of excusable failure to file a timely notice of claim is preserved in the amended version of Section 50–e(5) and is relied upon by plaintiff in support of his motion here.

Between October 20, 1976, the date of his accident, and May 13, 1977, plaintiff was in and out of three different hospitals and underwent two major surgical operations. His physician, Dr. Dong Sung Chu, has filed an affidavit with the court stating that as of August 2, 1977, plaintiff "was afflicted with multiple disabilities with multiple handicaps, including attendant psychological and psychic injuries manifested by emotional depressions which were severe and debilitating. As a consequence thereof, it would be unreasonable for him to have been concerned with any of his legal rights until about Sept. 1977." It was in the latter part of September, 1977, that plaintiff first contacted an attorney, and on October 14, 1977, the present action was commenced.

Under the pre-1976 version of N.Y.Gen. Mun.Law § 50–e(5) the court had general discretion to allow a late notice of claim provided a claimant's mental or physical incapacity prevented him from filing a timely notice. However, the law, as amended, sets out guidelines for the court to consider in deciding whether to permit the late filing of a notice of claim. It has been stated that Section 50–e(5) "was amended to vest in the courts broader discretion to consider *all* relevant facts and circumstances in deciding whether to extend the time to serve a notice of claim beyond the specified 90-day period." *Rippe v. City of Rochester,* 57 A.D.2d 723, 724, 395 N.Y.S.2d 556, 557 (4th Dep't 1977) (emphasis added). *See also Nolan v. County of Otsego,* 55 A.D.2d 422, 391 N.Y.S.2d 15 (3d Dep't 1977). The existence of guidelines, however, can also work to limit the scope of the court's discretion. For example, Section 50–e(5) now states that in deciding whether to extend the time to serve a notice of claim, "the court *shall* consider, *in particular,* whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter." (emphasis added). While the question of the public corporation's knowledge of the facts constituting the plaintiff's claim had played a part in court decisions applying the pre-1976 statute as to whether to allow a late notice of claim, *see, e. g., Williams v. City of Albany,* 193 Misc. 1037, 85 N.Y.S.2d 799 (Sup.Ct., Albany Co. 1949), the amended statute appears to elevate that factor to a level of significance that it did not have under the pre-1976 statute.[3]

**2.** Former N.Y.Gen.Mun.Law § 50–e(5) provided, in pertinent part:

5. The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one of this section in the following cases: (1) Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified; (2) where a person entitled to make a claim dies before the expiration of the time limited for service of the

notice; or (3) where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier.

**3.** *Compare* New York Court of Claims Act § 10(6) which places no particular emphasis on any of the enumerated factors which are to be used in deciding whether to extend the time for

Plaintiff argues that a New York City Police Report completed shortly after his accident was sufficient to place the City on notice of the essential facts constituting his claim. The report, however, simply notes that plaintiff's vehicle skidded and collided with a utility pole; there is no mention of a hole in the roadway. The court cannot say that the limited amount of information contained in the police report placed the City on notice of the essential facts constituting plaintiff's claim. The City argues that since plaintiff has failed to satisfy "this essential threshold requirement," his motion should be denied. The court, however, does not read Section 50–e(5) to dictate such a result.

While the fact that the City may have lacked actual notice of all the facts constituting plaintiff's claim may be entitled to special consideration under the statute, it is not necessarily determinative of the issue at hand. Section 50–e(5) states that the court "shall also consider all the other relevant facts and circumstances, including: whether the claimant was . . . mentally or physically incapacitated . . . and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits."

As of August 2, 1977, at least, plaintiff was in need of constant medical treatment and required attendant care for a minimum of twelve hours a day. He was taking Valium, Senekot, Vitamin C, and Mandelamine. In addition to his physical problems, plaintiff was suffering from severe emotional depression. The court finds that these conditions constituted disability and incapacity within the meaning of Section 50–e(5). See *Millington v. New York City Transit Authority, supra.*

The court further finds that the City will not be substantially prejudiced in maintaining its defense because of plaintiff's delay in serving the notice of claim. The police report lists a witness to the accident and the investigating police officer can be brought before the court or jury to give testimony as to the road conditions at the time of the accident. Both sides will be equally hampered in presenting their cases as a result of the length of time that has passed since the accident occurred. If there is insufficient evidence to warrant a finding that there were defects in the roadway at the time of the accident that were attributable to the negligence of the City, the court is empowered to direct a verdict in favor of the City at the appropriate time. Therefore, any prejudice that the City may suffer in maintaining its defense is diminumus.

For all of the above reasons, plaintiff's motion to file a notice of claim against the City nunc pro tunc is granted. So ordered.

---

filing a notice of claim in actions against the State. *See generally, Walach v. State,* 91 Misc.2d 167, 397 N.Y.S.2d 853 (Ct. of Claims 1977).