*709 OPINION OF THE COURT
Benjamin F. Nolan, J.
Defendants, New York City Transit Authority, and its patrolman, Richard Seidler, move to dismiss this action for false arrest, assault and battery because of plaintiffs failure to serve a notice of claim upon the New York City Transit Authority (hereinafter called the Authority) within 90 days of the occurrence, pursuant to section 1212 of the Public Authorities Law and section 50-e of the General Municipal Law. Plaintiff cross-moves to file a late notice of claim against the Authority, nunc pro tunc.
The date of the underlying occurrence was June 20, 1977. On August 24, 1977, plaintiff served a notice of claim upon the Comptroller of the City of New York and received in the mail a card with a claim number from the city’s Bureau of Law and Adjustment. The said notice of claim was entitled:
"In the Matter of the Claim of EDWIN CAMPOS a/k/a EDDIE CAMPOS
-against-
THE NEW YORK CITY TRANSIT AUTHORITY”
and, the said notice of claim went on to allege the nature of the claim, the time when, the place where and the manner in which the claim arose, the items of damage and the injuries claimed, and, an ad damnum demand of $50,000. There was not the slightest indication that this notice of claim related to a claim against the City of New York. Nevertheless, the notice of claim was not returned to counsel for plaintiff, nor did anyone from the office of the comptroller or the Bureau of Law and Adjustment notify the counsel for plaintiff that his notice of claim against the Authority had been erroneously served upon the comptroller.
On October 21, 1977, plaintiff served a summons and indorsed complaint upon the Authority. The indorsed complaint alleged, only, "[A]ction for damages * * * arising from the false arrest, assault, battery and other wrongful tort by the defendant New York City Transit Authority and its servant and employee, Richard Seidler.” As another ground for dismissal of the complaint, defendants allege that the indorsed complaint failed to allege that a timely notice of claim had been served upon the Authority and further that the complaint failed to specify the date and place of occurrence. It appears that the defendants first became aware of the claim *710 when served with the summons and complaint on October 21, 1977, some four months after the alleged false arrest, assault and battery. Counsel for plaintiff affirms that the serving of the notice of claim upon the comptroller instead of the Authority was "the result of the inadvertence” of his clerk; and, he further claims that he was not aware of this error when the action against the Authority was commenced on October 21, 1977. What he is saying is that he believed on October 21, 1977, that the Authority was already in possession of the essential facts set forth in the notice of claim which he thought had been served earlier upon the Authority. In support of his cross motion, plaintiff includes among his moving papers an affidavit of merit and a copy of the verified notice of claim against the Authority, which he seeks leave to serve late, nunc pro tunc. The said cross motion "for leave to serve a late Notice of Claim shall not be denied on the ground that it was made after commencement of an action against the public corporation.” (General Municipal Law, § 50-e, subd 5.)
It appears that the error involved here is precisely the kind which the recent amendment to section 50-e of the General Municipal Law was designed to remedy. (L 1976, ch 745, § 2, eff Sept. 1, 1976.) Since enactment of the new amendment, the courts have recognized the remedial nature of the amendment and have given effect to such legislative intent. (Rippe v City of Rochester, 57 AD2d 723; Matter of Smalls v New York City Health and Hosp. Corp., 55 AD2d 537.) Additionally, the within application for leave to serve a late notice of claim upon the Authority, is properly addressed to this court "where the action is pending.” (General Municipal Law, § 50-e, subd 7.)
The excuse of counsel for plaintiff for the erroneous service of the notice of claim upon the comptroller instead of the Authority is not controverted, and, in this court’s exercise of discretion, is found to be valid. While the circumstance involved is not precisely particularized in subdivision 5 of section 50-e of the General Municipal Law, it is nevertheless within the ambit of an excusable error concerning the identity of the public corporation against which the claim should be asserted. This court is not limited to the exact bounds of the particular situations recited in the statute and will therefore carry out the legislative intent in the exercise of its discretion.
There has been no demonstrable showing by defendants that they would be prejudiced by the grant of plaintiff’s cross motion for leave to file a late notice of claim upon the *711 Authority. Defendants’ contention that "the failure of plaintiff to properly serve his Notice of Claim prevented the Transit Authority from investigating the claim and prejudiced the defendant’s ability to defend” is valid enough as the situation stands at present, but it does not address itself to whether defendant would be prejudiced if the application to file the late notice of claim were to be granted. The underlying occurrence took place on June 20, 1977. The action was commenced on October 21, 1977, four months later. Accordingly, defendants have had notice of this claim since October 21, 1977; and, since the return of these motions in November of 1977, defendants have been in possession of a copy of the notice of claim which was earlier served in error upon the comptroller. This court concludes, therefore, that the Authority had notice of the essential facts constituting this claim within a reasonable time after the 90 days following the occurrence of June 20, 1977. This court, in the exercise of its discretion and in the interests of justice, shall grant an extension of time for plaintiff to make late service of its notice of claim upon the Authority.
While seemingly rendered moot by the foregoing decision, there are several other issues raised on these motions which deserve comment.
Plaintiff is in error in his contention that he need not serve a notice of claim upon the Authority in respect to his action against the codefendant, Richard Seidler, an individual. Seidler is a patrolman of the Authority, which has a statutory duty to indemnify him when a lawsuit is brought (as here) for a tort committed in the performance of his duties. (General Municipal Law, § 50-e, subd 1, par [b]; § 50-j.) If such a notice of claim is not served upon the Authority, the action against the individual defendant is subject to dismissal for failure to state a cause of action, pursuant to CPLR 3211 (subd [a], par 7).
On the other hand, defendants’ reliance upon Salesian Soc. v Village of Ellenville (41 NY2d 521), is misplaced. It is not relevant here, since the case principally postulates that a public corporation cannot waive statutory procedural limitations imposed upon claims against a public corporation— which is hardly the situation, here.
While there is no statutory requirement that the city’s comptroller or Bureau of Law and Adjustment must return a notice of claim erroneously filed with it, or otherwise notify *712 claimant or his counsel of the error, the conduct of the Bureau of Law and Adjustment in issuing a claim number and then remaining silent is the kind of sharp practice to which Dean Joseph M. McLaughlin alluded when he called for outright repeal of section 50 of the General Municipal Law. (McLaughlin, Trends, Developments, New York Trial Practice, Legislation-II, NYLJ, Oct. 8, 1976, p 1, col 1.)
Accordingly, defendant’s motion to dismiss this action for failure to file a notice of claim is denied. Plaintiffs cross motion for leave to serve a late notice of claim is granted. Plaintiff shall serve upon the New York City Transit Authority the notice of claim it earlier served in error upon the Comptroller of the City of New York. Such service shall be within 30 days of an order settled in accordance herewith. The Authority shall have 30 days after service of the said notice of claim within which to demand a hearing. If timely demanded, the said hearing shall be held within 60 days of the date of the demand. Within the scope of such other relief as to this court appears fitting and proper, the within action is dismissed without prejudice to the institution of a new action on this claim within the time limited by section 50-i of the General Municipal Law.