■ LESTER W. EBBETS et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 60219.)—Cross appeals from orders of the Court of Claims, entered October 29, 1976 and July 6, 1977, which, respectively, granted the State's motion to dismiss the instant claim and denied claimants' motion to reargue, renew and reconsider said motion to dismiss while granting claimants permission to file a late claim. On September 25, 1970, the State of New York appropriated approximately 73.3 acres of land owned by the Wodembarc Corporation and located in Suffolk County by the filing of a description and map in the office of the Suffolk County Clerk. At the time of the taking and until her death in June of 1975, Mrs.

Justine Lawson Lambert was the president, treasurer and sole shareholder of Wodembarc, and after her death the corporation assigned its right to compensation for the appropriation to claimants herein, the administrators of Mrs. Lambert's estate. With regard to said appropriation, the State unsuccessfully attempted to serve the corporation personally by its president with notice of the filing of the description and map on December 9, 1970 at Mrs. Lambert's residence and the following day at an office used by her. Thereafter, no further efforts at personal service were made, and on February 11, 1971, the State effected substituted service by filing a notice of appropriation with the Suffolk County Clerk. Prior thereto, on January 20, 1971, the State and Mrs. Lambert, as corporate president, had entered into an advance payment agreement relative to the taking without prejudice to the subsequent filing in the Court of Claims of an action to recover additional amounts allegedly due from the State because of the appropriation. This latter proviso resulted in the filing on May 12, 1976 of the instant claim for the value of the taken property in excess of the advance payment, and by order of October 29, 1976 the claim was dismissed as untimely upon motion of the State. In response, claimants moved to reargue, renew and reconsider the State's motion and, alternatively, for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. On July 6, 1977, the court granted claimants leave to file a late claim while denying their other requested relief. These cross appeals ensued. Initially, we reject claimants' argument that the method of substituted service adopted by the State (see Court of Claims Act, § 10, subd 1) was ineffective. This form of service was utilized only after prior attempts to serve the corporation personally through its president, Mrs. Lambert, proved unsuccessful. Moreover, it is beyond dispute that on the date of the substituted service the corporation had knowledge of the taking because through its president it had already entered into an advance payment agreement with the State relative thereto on January 20, 1971. Such being the case, it is obvious that the statutory objective that owners of lands appropriated be notified of the takings was fulfilled in this instance, and, accordingly, under these peculiar circumstances we conclude that the substituted service was adequate. Similarly, we cannot agree with claimants that Mrs. Lambert's alleged mental disturbance and consequent disabled condition from the date of the appropriation until her death in 1975 served to toll the applicable three-year limitations period for appropriation claims (Court of Claims Act, § 10, subd 1) with the effect that the instant claim could be properly filed any time within two years of Mrs. Lambert's demise (Court of Claims Act, § 10, subd 5). While Mrs. Lambert was until her death president, treasurer and sole shareholder of the corporation, she was not its only officer, and the corporation plainly had an existence separate and distinct from Mrs. Lambert personally. Therefore, even assuming *arguendo* that she was disabled, this factor would not have exempted the corporation from the normal filing requirements with respect to any appropriation claim which it might have had. Lastly, we turn to the court's grant of permission to claimants to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act (L 1976, ch 280, § 2, eff Sept. 1, 1976) and hold that it must be reversed. On the effective date of subdivision 6, the three-year limitations period applicable to the present claim had long since run, and the claim was time-barred and "had passed beyond the power of judicial recall" (see *Sessa v State of New York,* 63 AD2d 334; *Matter of Beary v City of Rye,* 44 NY2d 398). That being so, subdivision 6 cannot be retrospectively applied to resurrect the claim, and the claim must be dismissed. Order entered October 29, 1976

affirmed, without costs. Order entered July 6, 1977 modified, on the law, by reversing so much thereof as granted claimants' motion for permission to file a late claim, motion denied and claim dismissed, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane and Main, JJ., concur; Mikoll, J., dissents in the following memorandum. Mikoll, J. (dissenting). As to the reversal of the order which granted the claimants' motion for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act, I dissent (see *Sessa v State of New York,* 63 AD2d 334 [dissenting opn]). [88 Misc 2d 358.]