■ JOSEPHINE I. FUOCO et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 60576.)—Order unanimously reversed, without costs, and motion denied. Memorandum: Claimants were injured on August 12, 1974 when their vehicle collided with an automobile which was being towed by an automobile owned by the State. Due to their attorney's lack of knowledge concerning the filing requirements of the Court of Claims Act, no claim or intention to file a claim against the State was filed within the 90-day period prescribed by subdivision 3 of section 10 of the Court of Claims Act. It was not until August 13, 1976, more than two years after the accident, that a complaint was filed with the Clerk of the Court of Claims who treated it as a claim. Effective September 1, 1976 the provision of the Court of Claims Act governing filing of late claims (formerly § 10, subd 5) was renumbered and amended (L 1976, ch 280, § 2) to provide liberalized grounds for discretionary acceptance of late claims. Additionally, the amended provision (now Court of Claims Act, § 10, subd 6) extended the

time for making an application for late filing of a claim from two years to the time within which a like claim against a citizen of the State would be barred under CPLR article 2. On April 28, 1977 claimants moved under subdivision 6 of section 10 of the Court of Claims Act for permission to file a late claim. The Court of Claims, relying upon *Kelly v State of New York* (57 AD2d 320) and *Rippe v City of Rochester* (57 AD2d 723), applied retroactively this more liberal amended provision and granted claimants leave to file a late claim. We are constrained to reverse. In *Rippe v City of Rochester (supra)*, we held that an amendment to subdivision 5 of section 50-e of the General Municipal Law (L 1976, ch 745, § 2, eff Sept. 1, 1976), which vested in the courts broader discretion to consider all relevant circumstances in deciding whether to extend the time to serve a notice of claim against a public corporation beyond the 90-day period specified in section 50-e (subd 1, par [a]) of the General Municipal Law, may be applied retroactively. Observing that the Court of Claims Act amendment was analogous to the General Municipal Law amendment considered in *Rippe,* we concluded in *Kelly v State of New York (supra)* that subdivision 6 of section 10 of the Court of Claims Act may also be applied retroactively. Since our decisions in *Rippe* and *Kelly,* however, the Court of Appeals has decided *Matter of Beary v City of Rye* (44 NY2d 398), in which it determined that the amendment to subdivision 5 of section 50-e of the General Municipal Law should be given only limited retroactive effect. The court concluded that the General Municipal Law amendment increasing judicial discretion was applicable only to claims which on its effective date, September 1, 1976, had not yet reached the end of the time period within which a court may have exercised its discretion to allow late filing under the old statute. Since, under the former provisions of subdivision 5 of section 50-e, that time period was one year, the amendment was held to apply retroactively to claims accruing within one year prior to September 1, 1976. Analogizing the Court of Claims Act amendment to the amendment to subdivision 5 of section 50-e of the General Municipal Law, we believe that *Beary* requires that a similar limitation be imposed on the retroactivity of subdivision 6 of section 10 of the Court of Claims Act (see *Gibson v State of New York,* 64 AD2d 790; see, also, *Sessa v State of New York,* 63 AD2d 334; *Ebbets v State of New York,* 64 AD2d 794). Under subdivision 5 of section 10 of the Court of Claims Act, as it read prior to September 1, 1976, an application for discretionary acceptance of a late claim had to be made within two years of the accrual of the claim. Consequently, claims accruing more than two years before September 1, 1976 were ineligible for late filing on the effective date of the amendment. Accordingly, the amended provision of the Court of Claims Act is inapplicable to these claims. Insofar as *Kelly* gave to subdivision 6 of section 10 of the Court of Claims Act a more extensive retroactive effect, it has been overruled. In the present case, the asserted claim accrued more than two years before September 1, 1976 and, therefore, the amended provision of the Court of Claims Act does not apply in considering claimants' motion for late filing of their claim (cf. *Cole v State of New York,* 64 AD2d 1023, and *Schweickert v State of New York,* 64 AD2d 1026). Inasmuch as claimants made no application for late filing within two years of the accrual of their claim their motion for permission to file a late claim should have been denied. (Appeal from order of Court of Claims—late claim.) Present— Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.