■ In the Matter of GEORGE DeCICCO, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [715 NYS2d 397] —Order, Supreme Court, New York County (Emily Goodman, J.), entered October 18, 1999, which granted petitioner's motion for leave to serve a late notice of claim on respondent Port Authority, unanimously affirmed, with costs.

The record, including, in particular, medical reports, amply supports a finding that severe communication deficits caused by the accident rendered petitioner unable to serve a timely notice of claim within 10 months of the accident (see, Matter of Ramunno, 202 AD2d 511; Matter of Millington v New York City Tr. Auth., 33 AD2d 737). We note that the instant motion was made within a year of the accident, only two months after the 10-month time limit petitioner had under McKinney's

Unconsolidated Laws of NY § 7107 (L 1950, ch 301, § 7) to serve a notice of claim, and well within the three-year time limit he had under section 7108 (L 1950, ch 301, § 8) to make a motion for leave to serve a late notice of claim. We also note respondent's failure to address petitioner's allegations that respondent acquired actual knowledge of the essential facts constituting this claim by reason of the arrival of its police on the scene minutes after the accident and its conduct of an investigation that included interviewing of witnesses. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.