**Dr. Judith PIESCO, Plaintiff,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

No. 85 Civ. 9893 (DNE).

United States District Court,
S.D. New York.

Sept. 6, 1988.

See also 650 F.Supp. 896.

Denise Dunleavy, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corporation Counsel, New York City, Beth G. Schwartz, Paul Marks, of counsel, for defendants.

## ORDER

EDELSTEIN, District Judge:

Plaintiff, Dr. Judith Piesco, moves to file a late notice of claim in her action seeking general and punitive damages for the alleged injuries sustained as a result of defendants' conduct. Plaintiff's motion to file a late notice of claim, dated February 17, 1987 is granted only as to those claims where the applicable one year and ninety day statute of limitations had not expired.[1]

Plaintiff filed this suit on December 19, 1985 alleging causes of action for prima facie tort, intentional infliction of mental distress and a claim pursuant to 42 U.S.C. § 1983 for infringement of her first amendment right to free speech. She seeks $500,000 for each cause of action and $500,-000 punitive damages. After termination of her employment on December 27, 1985, plaintiff moved to amend her complaint. In an opinion and order dated January 6, 1987, the court granted plaintiff leave to amend her complaint adding a cause of action for wrongful discharge alleging $8,000,000 damages. On March 25, 1986 plaintiff filed a notice of claim.

■ To fulfil the requirements of the General Municipal Law § 50, plaintiff must file a notice of claim within ninety days of the accrual of the cause of action. Thus, when plaintiff filed a notice of claim on March 25, 1986, such notice is timely for those claims arising after December 26, 1985. Therefore, the notice of claim is valid for the wrongful dismissal claim which accrued December 27, 1985.

■ Although the ninety day notice of claim requirement is an express condition

---

1. As an initial matter, this court addresses defendants' contention that this court lacks subject matter jurisdiction to grant plaintiff's motion. Defendants' argue the instant application may not be made in a federal District Court. This argument is without merit. General Municipal Law Section 50-e(7) provides "All applications under this section shall be made to the supreme court or to the county court in a county where the action may properly be brought for trial or if an action to enforce the claim has been commenced, in the county where the action is pending. . . ." An application to file a late notice of claim need not be heard before a state judge completely unfamiliar with the case. Plaintiff's application to file a late notice of claim is properly heard before this court since the action has been commenced in this court. *Palazzo v. City of New York*, 444 F.Supp. 1089 (E.D.N.Y.1978).

precedent to commencement of the action, under General Municipal Law § 50–e(5) the court may extend the time to serve a notice of claim.[2] *Hamm v. Memorial Hospital of Greene County*, 99 A.D.2d 638 (3d Dep't); 472 N.Y.S.2d 189 (1984). However, the court may not grant leave to file late notice on those claims where the applicable statute of limitations has expired, in this instance, one year and ninety days. *See* N.Y. Gen.Mun. § 50–i; *Pierson v. City of New York*, 56 N.Y.2d 950; 453 N.Y.S.2d 615; 439 N.E.2d 331 (1982).

■ Thus, plaintiff can not assert claims arising more than one year and ninety days before February 17, 1987, the date the application to file a late notice of claim was made.[3] The prima facie tort claim and the intentional infliction of mental distress claims would be time barred if they accrued before November 18, 1985. Plaintiff's argument that these are continuing actions accruing anew each day is not entirely persuasive. Although the court may extend the time to serve a notice of claim, the court has no jurisdiction to enlarge the time to commence the action. Therefore, plaintiff may only file a late notice of claim regarding these instances of alleged prima facie tort and emotional distress which accrued after November 18, 1985.

■ The first amendment claim would not be time barred as the "gag order" prohibiting plaintiff from communicating with the press was not issued until December 1985. Therefore, the court grants permission to file a late notice of claim as to the § 1983 first amendment claim.

SO ORDERED.

---

2. In considering an application to file a late notice of claim, among the criteria a court should consider is whether the municipality had notice of the pending action. *Annis v. New York City Transit Authority*, 108 A.D.2d 643 (1st Dept), 485 N.Y.S.2d 529 (1985); *Hayden v. Incorporated Village of Hempstead*, 103 A.D.2d 765 (2d Dept), 477 N.Y.S.2d 392 (1984). In the instant case, it is clear that the defendants had notice of the plaintiff's claim and that no preju-

dice to the municipality would result from the granting of permission to file late notice.

3. An application to file notice of claim is deemed to be made at the time the proceeding was begun, not on the return date. *Giblin v. Nassau County Medical Center*, 61 N.Y.2d 67, 471 N.Y.S.2d 563, 459 N.E.2d 856 (1984).