David LIPINSKI, Plaintiff,

v.

John M. SKINNER, Frederick J. Cabbell, Jr., Richard J. Kadien, James F. Carter, and John Does 1–10, individually and in their official capacities, Dr. S. Keith Kennedy, individually and in his official capacity, Police Superintendent Thomas Constantine, individually and in his official capacity, the New York State Police, John Campbell, Gerald Brundage, Robert Martone, and John Does 11–20, individually and in their official capacities, Sheriff Anthony C. Ruffo, individually and in his official capacity, the Broome County Jail and Broome County, Defendants.

No. 88–CV–601.

United States District Court,
N.D. New York.

Dec. 9, 1988.

Wiggins & Masson, Ithaca, N.Y. (Robin Abrahamson Masson, of counsel), G. Elaine Wood, Paul Young, New York City, for plaintiff.

Nan D. Hunter, Judith Levin, William Rubenstein, New York City, for plaintiff American Civ. Liberties Union Foundation.

John E. Murray, Broome County Atty., Binghamton, N.Y. (Alfred Paniccia, Jr., Chief Asst. County Atty., of counsel), for defendants Broome County, Campbell, Brundage, Martone and Ruffo.

Robert Abrams, Atty. Gen., State of N.Y. (David B. Roberts, Asst. Atty. Gen., of counsel), for defendants Skinner, Cabbell, Kadien, Carter and Kennedy.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

On November 4, 1988 plaintiff, David Lipinski, sought permission from this court for leave to file a late notice of claim as to the pendent state claims involved in this action.[1] As to these pendent state claims, this court is bound to apply state substantive law. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The applicable statute in this instance, as both parties agree, is New York State General Municipal Law § 50–e(5). N.Y. General Municipal

---

1. This court's jurisdiction is predicated upon the Civil Rights Act of 1871, 42 U.S.C. § 1983. The plaintiff alleges that his constitutional rights of privacy, freedom from cruel and unusual punishment and equal protection, as well as certain statutory and common law rights, were violated during plaintiff's arrest and subsequent confinement in a county jail.

Law § 50-e (McKinney 1986) (Application for Leave to File a Late Notice).

■ The issue before this court is whether a federal court may properly entertain a motion for leave to file a late notice of claim. The controversy centers upon the language of § 50-e, subdivision 7,[2] which states:

> All applications under this section shall be made to the *supreme court* or *county court:*
>
> (a) in a county where the action may properly be brought for trial, (b) if an action to enforce the claim has been commenced, in the county where the action is pending, or (c) in the event that there is no motion term available in any of the counties specified in clause (a) or (b) hereof, in any adjoining county. N.Y. General Municipal Law § 50-e(7) (McKinney 1986) (emphasis added).

The introductory text of subdivision 7 is quite specific; the designated forum for a § 50-e(5) motion is the supreme court or county court. Subsections (a), (b) and (c), by contrast, serve only to define the county in which the motion may be brought. On its face, therefore, § 50-e(7) precludes this court from entertaining a § 50-e(5) motion since this court is neither a state supreme court nor a county court.

In arguing that his motion is properly before this court, the plaintiff cited the interpretation of § 50-e(7) found in *Palazzo v. City of New York*, 444 F.Supp. 1089 (E.D.N.Y.1978). The *Palazzo* decision is easily distinguished because it interpreted § 50-e(7) one year before that statute was amended. Prior to January 1, 1979, § 50-e(7) read:

**2.** Because § 50-e(5) calls for an *application* for leave to file a late notice of claim, it is subject to the requirements of § 50-e(7) which is entitled "All Applications Under this Section."

**3.** This interpretation of the *Palazzo* court appears incorrect. A careful reading of the subsection suggests strongly that the words "where the action is pending" refer back to the language "in a county where the action may properly be brought for trial" rather than to the specific court in which the action has been brought.

**4.** This conclusion is further supported by the fact that the holding in *Palazzo* centered upon

All applications under this section shall be made to the supreme court or to the county court in a county where the action may properly be brought for trial or, *if an action to enforce the claim has been commenced, where the action is pending.* See id. at 1091 (emphasis added). In *Palazzo* the court relied upon the italicized portion of § 50-e(7). The district court concluded that the motion was properly before it because the action was initiated in that court. *Id.* at 1091–2. The term "where" was interpreted to mean the court in which the action was commenced rather than the county in which the action was commenced.[3]

The plaintiff contends that the 1979 amendment had no bearing upon the validity of the *Palazzo* decision because it merely added punctuation. Even assuming that *Palazzo* was correct, the court is not swayed by this contention since punctuation has the ability to accentuate or alter the meaning of a sentence. The current language of § 50-e(7) specifically designates the supreme court or county court as the proper forum in which to bring a § 50-e(7) application, and along with the addition of subsection (c), demonstrates an intention to define the venue of the action, rather than an interest in supplementing the type of court in which a party may bring a § 50-e(5) motion.[4]

To further support his proposition that *Palazzo* remains good law, the plaintiff cited a 1988 decision from the Southern District of New York which stated:

> [a]n application to file a late notice of claim need not be heard before a state judge completely unfamiliar with the case.

the language, "if an action to enforce the claim has been commenced, where the action is pending," *see Palazzo*, 444 F.Supp. at 1091–92, language which currently reads "if an action to enforce the claim has been commenced, *in the county* where the action is pending." The change in language supports the court's view that the motion to file a late notice may be heard in the *county* where the action is pending, not necessarily in the *court* where the action is pending. (Of course, the motion may also be heard in an adjoining county.)

*Piesco v. City of New York*, 693 F.Supp. 86, 87 n. 1 (S.D.N.Y.1988). This court will not follow the holding of the *Piesco* court for two reasons. First, that court quoted the language of the pre–1979 § 50–e(7) statute and improperly cited it as the current law. *See Piesco*, 693 F.Supp. at 87 n. 1. Second, citing *Palazzo*, the district court based its decision upon that court's interpretation of the pre-amended § 50–e(7) statute.

Lastly, the plaintiff cited several slip opinions in which an application to file a late notice of claim was heard in the Southern District. *See Speigel v. City of New York*, No. 84 Civ. 2622, slip op. (S.D.N.Y. October 18, 1985); *Betancourt v. City of New York*, No. 80 Civ. 2727, slip op. (S.D.N.Y. February 27, 1981); *Sandler v. City of New York*, No. 79 Civ. 3830, slip op. (S.D.N.Y. February 5, 1980). While these decisions demonstrate that these courts have decided matters brought pursuant to § 50–e(5), the decisions made no mention of § 50–e(7). This court will not speculate upon which grounds the Southern District courts heard the § 50–e(5) motions. The mere fact that these courts have taken action is not sufficient to sway this court to take similar action, absent a showing of justification for the practice.

In order to make a final determination regarding the federal court's role in § 50–e(7) motions, this court feels compelled to address the topics of judicial economy and legislative intent.

■ Judicial economy is best served when parties are able to present all issues before one court. The question that arises, therefore, is whether the burden on the plaintiff to bring his motion before the proper state court is significant. First, because both the federal claims and pendent state claims derive from a common nucleus of operative fact, discovery in this action need not be stayed until a determination is made by the state court. Second, the additional costs involved in appearing in another forum are limited given the fact that the briefs have already been prepared on the merits of the motion and both parties are ready to present their arguments. For these reasons there exists no heavy burden significantly impacting the plaintiff's ability to go forward with this action. Judicial economy would not, therefore, be served in any significant measure through this court's hearing of the § 50–e motion.

As to the legislative history, a 1978 Judicial Conference Report issued pursuant to a request by the Office of Court Administration recommended that § 50–e(7) be amended to include venue provisions similar to Civil Practice Law and Rules (CPLR) §§ 2212(a) and 2213(b). The judicial committee sought this amendment because:

> Under the present provision, applications are made to the Supreme Court or County Court in a county where the action may properly be brought for trial, which is generally the county in which the municipality, public authority, or political subdivision is located ... or if the action to enforce the claim has been commenced, in the county where the action is pending.

Judicial Conference Report, General Municipal Law § 50–e(7), *reprinted in* McKinney's 1978 Session Laws at 1896. The committee attempted to respond to problems which had arisen whereby the plaintiff was unable to obtain prompt relief because there was no motion term or no county judge in the county designated by § 50–e(7). *See* Judicial Conference Report, General Municipal Law § 50–e(7), *reprinted in* McKinney's 1978 Session Laws at 1896. The judicial committee observed that a party, under the provisions of the CPLR, "could apply to the Supreme Court in the judicial district where the action is triable or in a county adjoining the county where the action is triable." *Id.* Various departmental memorandum echoed the reasoning of the judicial committee in seeking the proposed amendment. *See, e.g.,* Memorandum of Office of Court Administration regarding L.1978 c. 531, § 1, *reprinted in* McKinney's 1978 Session Laws at 1729. The legislature responded by amending § 50–e(7) to provide venue provisions sim-

ilar to those found in the CPLR.[5] In responding to the limited accessibility of courts in which a § 50–e(5) motion could be heard, the state legislature chose to increase accessibility by designating adjoining counties as those in which venue would be proper. The legislature did not designate any other type of court as one in which the motion could be brought.

For all the above reasons this court determines that it does not have jurisdiction over the § 50–e(5) application. Plaintiff's motion is denied without prejudice for renewal in a proper court.[6]

It is So Ordered.

---

**5.** The CPLR provisions that the legislature sought to emulate govern solely, motions before the supreme court, § 2212(a), or county court, § 2213(b).

**6.** It should also be noted that while a decision by a state tribunal on the merits of a § 50–e(5) motion is appealable, a decision by this court is appealable, generally, only upon certification or a final order of this court. 28 U.S.C. § 1291; 28 U.S.C. § 1292(b).