Michael BROWN, Plaintiff,

v.

METROPOLITAN TRANSPORTATION AUTHORITY, New York City Transit Authority Police Department, Officers Rory McGinn and Peter Brown, Defendants.

No. 88 Civ. 6131 (LBS).

United States District Court, S.D. New York.

July 31, 1989.

Willems & Daley, New York City, for plaintiff; Hector Willems, of counsel.

Wallace D. Gossett, Brooklyn, N.Y., for defendants; Larry H. Hecht, of counsel.

## OPINION

SAND, District Judge.

Plaintiff Michael Brown brought this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1988 and the first, fourth, fifth, eighth, and fourteenth amendments to the United States Constitution against the Metropolitan Transit Authority, New York City Transit Authority Police Department, and Police Officers Rory McGinn and

Peter Brown, alleging violations of his civil rights. In addition to these claims, Brown charged defendants with false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, prima facie tort, negligence, and gross negligence, under New York law. He now moves to deem his notice of claim timely [1] and to strike defenses in defendants' answer (¶¶ 10, 31) pertaining to the untimeliness of his notice of claim.

### Facts

On July 7, 1987, Brown entered the I.R.T. # 6 train station at Lexington Avenue and 77th Street. As he was standing on the platform, Police Officers McGinn and Brown grabbed him and prevented him from boarding the subway. They attempted to handcuff Brown and arrest him for allegedly failing to pay his fare. Brown resisted their efforts and was injured in the ensuing struggle. Brown was charged with Resisting Arrest and Theft of Services, but the criminal proceedings resulted in a finding in his favor on February 1, 1988.

To pursue tort claims against a public corporation, or its officers, appointees, or employees, Brown is required to file a notice of claim within ninety days from the date the cause of action arose. With the exception of his cause of action for malicious prosecution, each of Brown's claims arose on July 7, 1987. Brown filed his notice of claim, which did not allege a cause of action for malicious prosecution, on April 15, 1988. Thus, he filed his notice of claim six months past the ninety-day limitation period for all causes of action, other than for malicious prosecution.

Defendants assert that plaintiff's notice of claim, filed beyond the prescribed ninety-day period, is legally defective and insufficient, and that plaintiff failed to apply to file a late notice of claim within the time period allotted by statute. Defendant argues that this Court does not have jurisdiction to hear plaintiff's application to file a

late notice of claim or to deem his notice of claim timely filed.

As to plaintiff's claim of malicious prosecution, which accrued on February 1, 1988, but was not included in plaintiff's notice of claim filed on April 15, 1988, defendant argues that this Court should not reach the merits of the application, but if it does, then it should deny the application for lack of adequate excuse.

### Discussion

It is well established that for actions commenced under 42 U.S.C. § 1983, a notice of claim cannot be required. *See, e.g., Bright v. City of New York,* 83 Civ. 7775, slip op. at 3, 1985 WL 505 (S.D.N.Y. Apr. 4, 1985); *Davis v. Krauss,* 478 F.Supp. 823, 825 (E.D.N.Y.1979). The reason for this, as one court explained, is that

> the notice of claim provision was intended to restrict remedies for the tortious conduct of municipal employees. Inasmuch as section 1983 was intended to augment a citizen's remedies for constitutional infringements by public officials, courts within this circuit have refused to apply the ninety-day limitation in a civil rights action.

*Altaire Builders, Inc. v. Village of Horseheads,* 551 F.Supp. 1066, 1076 (W.D.N.Y. 1982).

Clearly, this Court has jurisdiction over plaintiff's § 1983 claim, as well as over his other federal claims.

Although this Court has jurisdiction over plaintiff's federal claims, it is less clear whether we also have jurisdiction over plaintiff's pendent state claims at this time. Plaintiff's state claims include false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, prima facie tort, negligence and gross negligence. All of these tort claims must be brought in accordance with N.Y.Gen.Mun.Law § 50–e (McKinney 1986). This section requires that a notice of claim be filed in a timely manner:

---

**1.** Plaintiff's Notice of Motion is for an Application To Serve Late Notice of Claim. However, in a subsequent submission, plaintiff explains that he is actually seeking an application to

deem his notice of claim timely. *See* Affirmation in Support of an Application To Deem Notice of Claim Timely.

In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises.

N.Y.Gen.Mun.Law § 50–e(1)(a) (McKinney 1986).

According to New York law, a notice of claim, pursuant to § 50–e is a mandatory condition precedent to the bringing of a tort claim against a public corporation, or any of its officers, appointees, or employees. Absent a showing of such a notice of claim, the complaint may be dismissed for failure to state a cause of action. *Wrenn v. New York City Health & Hospitals*, 104 F.R.D. 553, 557 (S.D.N.Y.1985); *Pretino v. Wolbern*, 84 A.D.2d 830, 831, 444 N.Y.S.2d 190 (2d Dep't 1981).

Although plaintiff has failed to file such a notice of claim within the requisite time period, he does have recourse to N.Y.Gen. Mun.Law § 50–e(5), which provides for the late filing of a notice of claim. Section 50–e(5) enables a plaintiff to apply to a court for leave to serve a late notice of claim; however, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." New York's highest court has interpreted this to mean that "the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled." *Pierson v. City of New York*, 56 N.Y.2d 950, 954, 453 N.Y.S.2d 615, 439 N.E.2d 331 (1982) (citing N.Y.Gen.Mun.Law § 50–i (McKinney 1986)).

Application for leave to file a late notice of claim is governed by § 50–e(7), which provides in relevant part:

All applications under this section shall be made to *the supreme court or to the county court:* (a) in a county where the action may properly be brought for trial, (b) if an action to enforce the claim has been commenced, in the county where the action is pending, or (c) in the event that there is no motion term available in any of the counties specified in clause (a) or (b) hereof, in any adjoining county.

N.Y.Gen.Mun.Law § 50–e(7) (McKinney 1986) (emphasis added).

The language of this section is quite precise. An application for the filing of a late notice of claim "shall" be made to the supreme court or the county court. *Id.* The statute does not leave open the question from which court the applicant is to seek such an extension. *See Lipinski v. Skinner*, 700 F.Supp. 637, 638 (N.D.N.Y. 1988) ("On its face, therefore, § 50–e(7) precludes this court from entertaining a § 50–e(5) motion since this court is neither a state supreme court nor a county court."). The *Lipinski* Court went on to consider the limited legislative history of the statute and to conclude that while the 1976 amendment to the statute increased accessibility "by designating adjoining counties as those in which venue would be proper[,]" *id.* at 640, the legislature "did not designate any other type of court as one in which the motion could be brought[,]" and therefore, the court concluded that it lacked jurisdiction over the § 50–e(5) application. *Id.*

Other courts in the Southern District of New York, when faced with pendent state claims that require an application for the filing of a late notice of claim under N.Y. Gen.Mun.Law § 50–e(5), have reached the merits of the claim without having considered whether the federal court had jurisdiction over the application. *See, e.g., Spiegal v. City of New York*, 84 Civ. 2622(SWK), slip op., 1985 WL 3395 (S.D. N.Y. Oct. 18, 1985) (plaintiff permitted to file late notice of claim though it failed to provide justifiable excuse for its delay); *Bright v. City of New York*, 83 Civ. 7775(CSH), slip op. (S.D.N.Y. Apr. 4, 1985) (plaintiff denied leave to file late notice of application because application was barred by statute of limitations); *Betancourt v. City of New York*, 80 Civ. 2727(WCC), slip

op. (S.D.N.Y. Feb. 26, 1981) (plaintiff, having filed timely notice of claim as to some state claims, was permitted to file late notice of claim as to other state claims); *Sandler v. Gray,* 79 Civ. 3830(CBM), slip op. at 3 (S.D.N.Y. Feb. 5, 1980) (court, in its "discretion," denied plaintiff leave to file late notice of claim). The *Lipinski* Court, aware of most of the above decisions, declined to "speculate upon which grounds the Southern District courts heard the § 50–e(5) motions." *Lipinski, supra,* 700 F.Supp. at 639. Because the other Southern District courts did not discuss the issue of jurisdiction,[2] we find ourselves without precedent in this district, and feel constrained to address the issue of jurisdiction before proceeding any further.

The precise wording of N.Y.Gen. Mun.Law § 50–e(7) suggests that we do not have jurisdiction over the application for the filing of a late notice of claim, and at least one court has so held. *See Lipinski, supra,* 700 F.Supp. at 640. Just as the statute is clear that a notice of claim is required, that it must be served in a particular way, and within a limited period of time, similarly, it is explicit about which court can hear an application for the filing of a late notice of claim. There is no justification for giving effect to these other provisions of the statute and ignoring the provision about which courts can hear an application for the filing of a late notice of claim.

The legislative history is silent as to whether the state legislature intended to include federal trial courts in addition to county and supreme courts,[3] and until it speaks, we should not presume to read into its silence more than it said in the plain language of the statute. As one New York court observed about the 1976 amendments to § 50–e when they fell short of meeting the changes that had been requested:

> To the extent that the ... amendments may fail to remove the harsher aspects of the statute, ... it is sufficient to note that calls for broad reform are often met by more modest revisions on the part of the Legislature.

*Pierson, supra,* 56 N.Y.2d at 955, 453 N.Y. S.2d 615, 439 N.E.2d 331.

But the court, nonetheless, felt constrained to interpret the statute as it was written, rather than as it would like it to be, and held that the court lacked the power to authorize the late filing of notice beyond the expiration of the statute of limitations. We, too, are similarly constrained. Until the state legislature amends § 50–e(7) to include federal trial courts, we have no choice but to dismiss for lack of jurisdiction plaintiff's application to file a late notice of claim or to have his notice of claim deemed timely filed. Accordingly, we dismiss plaintiff's state claims without prejudice.

Plaintiff can return to federal court with his pendent state claims after he has made application to the appropriate state court for leave to file a late notice of claim and

---

**2.** In *Bright, supra,* the Court explained that because it had jurisdiction over plaintiff's § 1983 claim, it could exercise pendent jurisdiction over plaintiff's state claim and could in its "discretion ... extend the time for filing such notice" but was "limited by the requirement that such an extension may not exceed the one year and ninety limitation period for the commencement of such an action." *Id.* at 4. The Court does not explain where this discretion comes from or why the Court has to conform to the time constraint imposed by § 50–e, but not to the limitation on which courts can decide such applications.

**3.** Although the legislative history is silent as to whether federal trial courts can hear applications for the filing of late notices, the provision and the legislative history are quite particular as to which courts can hear such applications.

For example, the legislative history shows that the 1976 Amendments were intended "[t]o liberalize the venue provisions for applications with respect to notice of claim." News Memorandum of State Executive Department, *reprinted in* McKinney's 1978 Session Laws of New York at 1729 (1978). The Office of Court Administration had observed that § 50–e(7), which provided that all applications for leave to serve a late notice "must be made to the Supreme Court or to the county court in the county where the action may properly be brought to trial or where the action is pending," was too restrictive. *Id.* Accordingly, it recommended that the legislature amend the provision so that applications could be made "in any adjoining county in the event that there is no motion term available in either the county where the action may properly be brought for trial or the county where the action is pending." *Id.*

that request has been granted and such a notice has been filed. When plaintiff has satisfied the condition precedent required by § 50–e, then this Court will be able to consider his pendent state claims.

### Conclusion

Plaintiff's federal claims, which are already properly before us, are stayed pending resolution of the late filing of his notice of claim or notification that he does not intend to pursue his state claims. The Court imposes the stay *sua sponte*[4] to avoid duplication of effort by both the parties and the courts. Plaintiff's motions to strike and to deem his notice of claim as timely filed are dismissed for lack of jurisdiction and his state claims are dismissed without prejudice.

SO ORDERED.

---

**4.** In a similar case in the Southern District of New York, one Court granted a stay, albeit at the request of the parties, while they agreed to go to state court to resolve the issue of the application for the filing of a late notice of claim before returning to federal court, where all other claims would be heard. *See* Tr. at 12 (May 12, 1989).