■ In the Matter of DAVID LIPINSKI, Appellant, v COUNTY OF BROOME, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Smyk, J.), entered February 23, 1990 in Broome County, which, *inter alia,* denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

In June 1988, petitioner commenced an action against respondent and others in United States District Court for the Northern District of New York, alleging Federal and pendent State claims which accrued in connection with petitioner's incarceration during the period June 1987 to September 1987. In its answer, respondent pleaded as an affirmative defense petitioner's failure to file a notice of claim as required by General Municipal Law § 50-i (1) (a) and § 50-e (1) (a). In September 1988, petitioner moved in the Federal court for an order pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. On December 9, 1988, citing a lack of subject matter jurisdiction under General Municipal Law § 50-e (7), the Federal court denied the motion without prejudice to renewal in a proper court *(Lipinski v Skinner,* 700

F Supp 637). On February 24, 1989, petitioner made this application for leave to serve a late notice of claim in Supreme Court, Onondaga County. Following a change of venue to Broome County, respondent cross-moved to dismiss the application for lack of personal jurisdiction. In view of the fact that the one year and 90-day Statute of Limitations had run, Supreme Court denied the application as untimely (see, General Municipal Law § 50-i [1] [c]; § 50-e [5]). Respondent's cross motion was dismissed as academic. Petitioner appeals.

There should be an affirmance. Initially, we agree with Supreme Court that the six-month tolling provision of CPLR 205 (a) has no application to a motion or proceeding for leave to serve a late notice of claim under General Municipal Law § 50-e (5). By its terms, CPLR 205 (a) operates as a toll of the Statute of Limitations following the "termination" of an "action" and not following the mere denial of a motion. It is clear from our review of the record that the State claims against respondent have not been terminated and are still pending in the Federal court (cf., Kleinberger v Town of Sharon, 116 AD2d 367, 370).

Moreover, we agree with respondent that petitioner failed to obtain personal jurisdiction over it, an issue which respondent may raise on appeal notwithstanding Supreme Court's denial of the application on another ground (see, Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488). Because there was no State action pending against respondent, Supreme Court was authorized to treat petitioner's application as a special proceeding (see, CPLR 103 [c]; Matter of Lannon v Town of Henrietta, 87 AD2d 980). Prior to January 1, 1990 (see, CPLR 312-a), a special proceeding was required to be commenced against a county by personal service upon the chairperson or clerk of the board of supervisors or the county clerk, attorney or treasurer (see, CPLR 403 [c]; 311 [4]). The certificate of service filed by petitioner indicated service upon the County Attorney by ordinary first class mail. Inasmuch as petitioner submitted no papers in opposition to respondent's cross motion to dismiss, he may not come forward with evidence of personal service or of respondent's alleged waiver of the jurisdictional defect for the first time on appeal (see, First Intl. Bank v Blankstein & Son, 59 NY2d 436, 447).

Mahoney, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.