■ JUDY PANETTA, Respondent, v JOSEPH TONETTI, JR., as Agent and Trustee of a Trust Made by JOSEPH L. TONETTI, Deceased, et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Zeck, J.H.O.), entered August 17, 1990 in Rockland County, upon a decision of the court in favor of plaintiff.

Plaintiff, a real estate broker, entered into a contract with defendant Estate of Joseph L. Tonetti (hereinafter the estate) under the terms of which plaintiff was to manage certain of the estate's rental properties in exchange for 10% of the gross rents actually received. The contract further provided in relevant part as follows:

"5. [Plaintiff] agrees that she will make good faith efforts and diligently take any and all necessary steps to find tenants for the premises. Any commissions to be paid for securing such tenants shall be paid by the tenant * * *. If a tenant is secured by [the estate], no fee or commission shall be due to [plaintiff]. * * *

"6. [Plaintiff] shall be entitled to receive all listings of said premises which are designated for sale by [the estate]. * * * [The estate] reserves the right to sell said premises on [its] own without any obligation or the payment of any commission to [plaintiff]. Upon the sale of any premises as the result of efforts of [plaintiff], a commission shall be paid and earned when, as and if title passes to a purchaser. The commission shall be the sum of 6% of the first $100,000.00 of the purchase price and 2% of any amount of the purchase price over $100,000.00. * * *

"7. If a tenant purchases any of the listed premises from [the estate], then a commission shall be paid to [plaintiff] in the amounts and pursuant to the conditions set forth hereinabove only if [plaintiff] secured the tenant for the premises."
In May 1986, plaintiff secured Margot Kidder as a tenant for one of the properties, known as the "Ding Dong House", and was paid a rental commission equal to one month's rent. In October 1986, Kidder advised plaintiff of her interest in buying the property and, following negotiations with the estate, ultimately purchased the property for $1,050,000. Plaintiff sought a $24,000 commission on the sale and, upon defendants' refusal to pay, commenced this lawsuit, alleging causes of action sounding in breach of contract, quantum meruit,

unjust enrichment, fraud and tortious interference with contract rights. Following a nonjury trial, Supreme Court rendered judgment in favor of plaintiff in the amount of $18,000, apparently on the basis of quantum meruit.* Defendants appeal.

Initially, we agree with defendants that because there was a contract governing plaintiff's entitlement to a commission upon the sale of estate rental property, plaintiff may recover only pursuant to the express contract and not under the implied or quasi-contract theories of quantum meruit or unjust enrichment *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388-389; *Naylor v Ceag Elec. Corp.,* 158 AD2d 760, 761-762). For that reason, Supreme Court should have dismissed plaintiff's second cause of action seeking recovery for the reasonable value of plaintiff's work, labor and services and the procurement of a purchaser of the property. That is not to say, however, that a reversal is mandated. Supreme Court made findings, amply supported by the trial evidence, that plaintiff procured Kidder as a tenant and brought about the sale of the property. That being the case, plaintiff was entitled to recover on her first cause of action. Although plaintiff's failure to cross-appeal precludes a recovery in excess of that awarded by Supreme Court, it does not prohibit affirmance on a ground other than that employed by Supreme Court. Contrary to defendants' assertion, on appeal to the Appellate Division a respondent may assert alternative grounds for affirmance of the judgment appealed from *(see, Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Lipinski v County of Broome,* 175 AD2d 369, *lv denied* 79 NY2d 757).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Supreme Court's written decision details the contractual relationship between the parties and finds that plaintiff procured Kidder as a tenant for the "Ding Dong House", obtained Kidder's initial offer for the purchase of the property and participated in the sale to the extent permitted by defendants but, inexplicably, awards judgment not on the basis of the contract but for "the reasonable value of plaintiff's services".