■ In the Matter of HAZELTINE CORPORATION, Respondent, v BOARD OF ASSESSORS et al., Appellants. [646 NYS2d 883] —In tax

certiorari proceedings brought pursuant to RPTL article 7, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated August 30, 1995, which denied the appellants' motion to dismiss the petitioner's tax certiorari proceedings for the tax years 1988/89 through 1994/95 for failure to timely file notes of issue, and for failure to exhaust administrative remedies.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the petitioner timely filed its Note of Issue on the tax reduction claim for tax year 1988/89 in early 1992, which was within the four-year Statute of Limitations required by RPTL 718, after which a claim is to be deemed "abandoned" *(cf., Matter of Pherbo Realty Corp. v Board of Assessors,* 104 AD2d 1037). The record clearly shows that the parties appeared together approximately 40 times in court, attended a number of conferences, and signed an agreement regarding certain aspects of this case *(see also, Matter of Waldbaum's #122 v Board of Assessors,* 90 AD2d 487, *affd* 58 NY2d 818). This supports the Supreme Court's finding that the petitioner did not intend to abandon its claims *(see, Balancio v American Opt. Corp.,* 66 NY2d 750).

Since this matter is denominated as a special proceeding, service of process on the Town Attorney is authorized, notwithstanding the appearance of special counsel on behalf of the appellants *(see, Lipinski v County of Broome,* 175 AD2d 369). Furthermore, the appellants waived their objections to any jurisdictional defects by their extensive participation in these proceedings *(see, Vernon v Winikoff,* 182 AD2d 753).

The appellants' remaining contention is without merit. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.