■ Susan Striplin, Appellant, v Liberty Lines Transit, Inc., Respondent. [704 NYS2d 880] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 30, 1999, which granted the defendant's motion to dismiss the complaint for failure to serve a notice of claim pursuant to General Municipal Law § 50-e, and denied her cross motion for leave to serve a late notice of claim, and (2) a

judgment of the same court, dated April 27, 1999, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

An application to extend the time within which to serve a notice of claim must be made no later than one year and 90 days after the accrual of the cause of action (*see, Pierson v City of New York,* 56 NY2d 950; *Matter of Schmidt v Board of Coop. Educ. Servs.,* 253 AD2d 433; *Perry v City of New York,* 238 AD2d 326; *Bell v Town of Oyster Bay,* 233 AD2d 282). It is undisputed that the plaintiff was injured on April 16, 1996, and did not move for leave to serve a late notice of claim until December 9, 1998. Under those circumstances, the court properly denied her motion.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.