■ CHARLES WILLIAMS, Respondent, v ABDUL AZEEZ, Defendant, and LOUIS DELGUERCIO et al., Appellants. [753 NYS2d 93] —In an action to recover damages for medical malpractice, the defendants Louis DelGuercio, Francis Baccay, Brij M. Singh Ahluwalia, and Westchester County Health Care Corporation appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated October 16, 2001, which granted the plaintiff's motion to deem his notice of claim and his summons and complaint timely served and filed upon them, and denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs payable by the respondent, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The Supreme Court lacks the power to authorize service of a late notice of claim where the motion for leave to do so is made after the expiration of the applicable statute of limitations, taking any relevant tolls into account (*see Pierson v City of New York,* 56 NY2d 950, 954). In this case, the plaintiff's last personal visit with the defendant Brij M. Singh Ahluwalia was on February 14, 2000. The cause of action alleging medical malpractice against the appellants accrued on that date. The plaintiff did not move for leave to serve a late notice of claim until June 8, 2001, which was beyond the applicable one-year and 90-day statute of limitations (*see* Public Authorities Law § 3316 [1]; General Municipal Law § 50-e).

The plaintiff's contention that his course of treatment with the appellants continued until the latter part of March 2000 is without merit. Although there is evidence in the record that Ahluwalia planned to see the plaintiff in the latter part of March 2000, the plaintiff submitted no evidence that he scheduled such an appointment (*see Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338-339; *cf. Richardson v Orentreich,* 64 NY2d 896, 898-899). The conclusory statements

of the plaintiff and his counsel, to the effect that the plaintiff intended to see Ahluwalia after the date of his last personal visit, are insufficient to establish a continuous course of treatment. The document the plaintiff submitted in his supplemental record on appeal likewise is insufficient to show that he scheduled the appointment reflected therein, or that he actually planned to continue his treatment with Ahluwalia (*cf. Richardson v Orentreich, supra*). In fact, in his affirmation in support of a motion to enlarge the record to include that document, the plaintiff's counsel stated that the plaintiff was given the relevant appointment, not that he had scheduled it. The plaintiff thus failed to carry his burden to show that he contemplated a future course of treatment with the appellants.

This conclusion is reinforced by the fact that, as of February 23, 2000, the plaintiff began a course of treatment with nonparty medical providers (*see Allen v Blum,* 196 AD2d 624, 625). The plaintiff has not claimed that the latter providers had an agency or other relevant relationship with the appellants (*see Allende v New York City Health & Hosps. Corp.*, *supra* at 339-340) so that his course of treatment with the appellants might be further extended.

Thus, the Supreme Court should have denied the plaintiff's motion for leave to serve a late notice of claim.

In light of our determination, it is unnecessary to address the appellants' remaining contention. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.