Carole ARUM, Plaintiff,

v.

**Mr. Richard MILLER, Director of Pupil Services, Syosset, S.D., Board of Education of Syosset, S.D., Dr. Streitman, Assistant Superintendent Syosset S.D., Syosset Central School District, Police Officer John Klesserath, Police Officer John Wheeler, Sergeant Ralph Hoffman, Det. David M. Ohayon, County of Nassau Police Department, County of Nassau, N.Y., Defendants.**

No. 2:00–CV–07476.

United States District Court, E.D. New York.

Feb. 8, 2003.

Carole Arum, Syosset, NY, for Plaintiff Pro Se.

Rains & Pogrebin, P.C., Mineola, NY (Howard M. Miller, Of Counsel), for the Defendants Mr. Richard Miller, Board of Education of Syosset, S.D., Dr. Streitman and Syosset Central School District.

Farrell Fritz, Uniondale, NY (A. Kathleen Tomlinson, Of Counsel), for the Defendant Dr. Streitman.

Nassau County Attorneys Office, Mineola, NY (Deputy County Attorney Liora M. Ben–Sorek, Of Counsel), for the Defendants Police Officer John Klesserath, Police Officer John Wheeler, Sergeant Ralph Hoffman, Det. David M. Ohayon, County of Nassau Police Department and County of Nassau, N.Y.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the *pro se* plaintiff Carole Arum ("Arum" or the "plaintiff") brings this action against the defendants Richard Miller ("Miller"), the Board of Education of the Syosset School District (the "Board of Education"), Dr. Jeffery Streitman ("Streitman"), Syosset Central School District (the "Central School District"), Police Officer John Klesserath ("Klesserath"), Police Officer John Wheeler ("Wheeler"), Sergeant Ralph Hoffman ("Hoffman"), Detective David M. Ohayon ("Ohayon"), the County of Nassau Police Department (the "Nassau County Police Department") and the County of Nassau, New York (the "County of Nassau"). The plaintiff alleges that the defendants violated her constitutional rights under 42 U.S.C. § 1983 ("Section 1983") on the grounds of, among other things, false arrest, malicious prosecution, excessive force and harassment. Presently before the Court are two motions, one by the plaintiff for reconsideration of the Court's March 20, 2002 decision and another by Miller for summary judgment.

## I. BACKGROUND

The facts in this case are detailed in the Court's decision of March 20, 2002, *Arum v. Miller*, 193 F.Supp.2d 572 (E.D.N.Y. 2002) and familiarity with that decision is presumed. Only the facts central to the instant motions are set forth here. On December 18, 2000, the plaintiff commenced this action. The complaint alleges that on January 5, 2000, the defendants violated the plaintiff's constitutional rights during her arrest at the Syosset School District. On February 23, 2001, Miller, the Board of Education, Streitman and the Central School District moved to dismiss the complaint for lack of personal and subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

In its March 20, 2002 decision, the Court denied the motions to dismiss on jurisdictional grounds and denied the motions to dismiss the claims of malicious prosecution

and excessive force against Miller. On the hand, the Court granted the motions to dismiss the following claims: harassment against the Board of Education and the Central School District; abuse of authority against Miller; "telephoning the police" against Miller and Streitman; "pain and suffering" against the defendants; "failure to provide the plaintiff with an interpreter" against Streitman; false arrest against Miller; municipal liability against the Board of Education and the Central School District; and the New York State law claims against the defendants.

The plaintiff now moves for reconsideration of the Court's decision to dismiss the state law claims. Miller also moves for summary judgment on the claims of assault and malicious prosecution under Section 1983.

## II. DISCUSSION

### A. The Motion for Reconsideration

■ Motions for reconsideration are governed by Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Rule 6.3 provides:

> A notice of motion for reconsideration ... shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.... No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

Local Civ. R. 6.3. The plaintiff filed her motion for reconsideration on March 25, 2002, the date the March 20, 2002 decision was docketed. As such, the plaintiff has filed a timely motion for reconsideration. It is well-settled that a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). The difficult burden imposed on the moving party has been established "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the D.O.T. of the City of NY*, 687 F.Supp. 888, 890 (S.D.N.Y.1988), *aff'd*, 858 F.2d 898 (2d Cir.1988). To grant such a motion the Court must find that it overlooked "'matters or controlling decisions' which, if considered by the Court, would have mandated a different result." *Durant v. Traditional Inv., Ltd.*, 88 CV 9048, 1990 WL 269854, at *1 (S.D.N.Y. Apr.25, 1990). In addressing the present motion, the Court must treat the *pro se* plaintiff's submissions "to less stringent standards than formal pleadings drafted by lawyers ...." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (*per curiam*) (internal quotation marks and citations omitted).

In her motion for reconsideration, the plaintiff argues that the state law claims should not be dismissed because she filed a notice of claim with the Board of Education and the Nassau County Police Department. The plaintiff also attaches to her motion papers two notices of claim, one received by the Board of Education on March 22, 2000 and another received by the Nassau County Police Department on March 20, 2000. In response, the Central School District and Miller argue that the complaint does not raise state law claims, and alternatively, that to the extent state law claims can be read in the complaint, they should be dismissed against the Cen-

tral School District and Streitman because there are no pending federal claims against these defendants.

■ Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against a municipal corporation and its officers, appointees and employees. *See* N.Y. Gen. Mun. Law § 50–e; *see also Brown v. Metropolitan Transport. Auth.,* 717 F.Supp. 257, 259 (S.D.N.Y.1989). The notice of claim must provide, among other things, the nature of the claim and must be filed within ninety days after the claim arises. *See* N.Y. Gen. Mun. Law § 50–e. In addition, the plaintiff must plead in her complaint that: (1) she has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim. *See* N.Y. Gen. Mun. Law § 50–i. "Notice of claim requirements are construed strictly by New York state courts." *AT & T v. New York City Dep't of Human Resources,* 736 F.Supp. 496, 499 (S.D.N.Y.1990) (citations omitted). The failure to comply with these requirements generally requires dismissal for failure to state a claim. *See Brown,* 717 F.Supp. at 259.

A review of the notices of claim attached to the plaintiff's instant motion reveal that the notices each gave the Board of Education and the Nassau County Police Department notice of the nature of her claims and were both filed with these departments within ninety days. However, the plaintiff failed to comply with the requirements of Section 50–i that she plead in her complaint that she, among other things, served the notices of claim on these entities. Nevertheless, because of her *pro se* status and her substantial compliance with the notice of claim requirements, the Court reconsiders its decision to dismiss the

state law claims on this basis and vacates that decision.

■ To the extent that state law claims can be read in the complaint, the Court declines to exercise supplemental jurisdiction over those claims against the Board of Education, the Central School District and Streitman because all of the federal claims against them have been dismissed. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (noting that the dismissal of the plaintiff's federal claims merits dismissal of her pendent state law claims); *Valencia v. Lee,* 316 F.3d 299 (2d Cir.2003). As to the Nassau County Police Department, Nassau County and the remaining defendants, the plaintiff may proceed against them under theories of state law to the extent her complaint alleges such claims.

## B. The Motion for Summary Judgment

■■ A district court may not grant a motion for summary judgment in a case involving a *pro se* litigant unless: (1) the court apprises the *pro se* litigant of the consequences of failing to respond to the motion, *see Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994); (2) an opposing party has already provided the litigant with the requisite notice, *see Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996); or (3) it is clear that the litigant understands "the nature and consequences of a summary judgment motion," *see M.B. # 11072–054 v. Reish,* 119 F.3d 230, 232 (2d Cir.1997); *see Vital v. Interfaith Medical Center,* 168 F.3d 615, 620–21 (2d Cir.1999) (holding that the failure of the district court to apprise a *pro se* litigant of the consequences of failing to respond to a motion for summary judgment is grounds for reversal).

To fulfill this obligation, the United States District Courts for the Eastern and Southern Districts of New York adopted

Local Rule 56.2. *See* E.D.N.Y. Administrative Order 99–6 (citing *Vital*, 168 F.3d 615). Local Rule 56.2 provides in pertinent part that: "[a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment' in the form indicated below." Loc. Civ. R. 56.2. The notice referred to in the rule advises the *pro se* litigant of the possibility that the complaint may be dismissed and informs the litigant that she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial.

Miller has not included in his motion papers a separate notice to the *pro se* plaintiff advising her of the potential consequences of a summary judgment motion pursuant to Rule 56.2. Because Miller has not satisfied this requirement, his motion for summary judgment is denied without prejudice.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the motion for reconsideration is **GRANTED** and the Court vacates its decision dismissing the state law claims for failure to comply with the notice of claim requirements under New York law; and it is further

**ORDERED**, that the state law claims against the Board of Education, the Central School District and Streitman are dismissed for lack of supplemental jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case against the Board of Education, the Central School District and Streitman; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption of this case to read as follows:

CAROLE ARUM, Plaintiff,

against

MR. RICHARD MILLER, Director of Pupil Services, Syosset, S.D., POLICE OFFICER JOHN KLESSERATH, POLICE OFFICER JOHN WHEELER, SERGEANT RALPH HOFFMAN, DET. DAVID M. OHAYON, COUNTY OF NASSAU POLICE DEPARTMENT, COUNTY OF NASSAU, N.Y., Defendants.

and it is further

**ORDERED**, that the plaintiff may proceed against the Nassau County Police Department, Nassau County and the remaining defendants under theories of state law to the extent her complaint alleges such claims; and it is further

**ORDERED**, that Miller's motion for summary judgment is **DENIED** without prejudice for failure to comply with Rule 56.2 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York; and it is further

**ORDERED**, that the remaining parties are directed to contact United States Magistrate Judge E. Thomas Boyle forthwith to complete discovery on an expedited basis.

**SO ORDERED.**