*1027 OPINION OF THE COURT
Vito M. DeStefano, J.
In this special proceeding pursuant to article 4 of the CPLR, the petitioners seek an order, pursuant to General Municipal Law § 50-e (5), granting them “leave to file a late notice of claim with the Incorporated Village of Lynbrook and the Lynbrook Police Department.” For the reasons that follow, the petition is granted and the notice of claim is deemed timely served in accordance herewith.[1]
The petitioners’ claims arise from an incident allegedly occurring on October 11, 2008. The petitioners allege that they were unlawfully detained and mistreated by several police officers, that their rights were violated and that they were maliciously prosecuted. Apparently, criminal charges against them were dismissed shortly after their arraignments on October 13, 2008. The petitioners failed to file a notice of claim against the respondents within 90 days of the occurrence. According to the parties, the petitioners had until January 11, 2010 (one year and 90 days [that is, 455 days] from October 11, 2008) to make the instant application.[2] The petitioners note that they commenced the instant proceeding by filing on January 7, 2010 (which, according to them, was 454 days after the alleged occurrence) and that they filed a federal court action (see complaint under Fed. CV No. 10-0049, reply affirmation, exhibit A) on January 6, *1028 2010 (which, according to them, was 453 days after the alleged occurrence) against the same party defendants (here respondents).
In point of fact, the length of time between the date of alleged occurrence (October 11, 2008) and the bringing of the instant special proceeding (January 7, 2010), as calculated by the court, is 453 days, which is less than one year and 90 days (General Construction Law § 20 [computation of time excludes day of reckoning]). Additionally, the total number of days elapsing from the date of the alleged occurrence and the filing of the federal court action is 452 days.
General Municipal Law § 50-i (1) states the following, in pertinent part:
“No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or of any officer, agent or employee thereof, . . . unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.”
General Municipal Law § 50-e (5) (“Application for leave to serve a late notice”) states the following, in pertinent part:
“Upon application, the court, in its discretion, may extend the time to serve a notice of claim .... The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual *1029 knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.
“An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation.” (Emphasis added.)
In their affirmation in opposition, the respondents argue that the petitioners failed to timely file a notice of claim or to seek relief from the court pursuant to General Municipal Law § 50-e (5) within one year and 90 days. Consequently, the court, according to the respondents, is without authority to grant the relief sought by the petitioners at this late juncture. In advancing this argument, the respondents correctly cite to the applicable General Municipal Law provisions (see above) and to case law supportive of the same general principles (e.g. Pierson v City of New York, 56 NY2d 950 [1982]; Hwangbo v Nobles, 62 AD3d 949 [2d Dept 2009]; Williams v Azeez, 300 AD2d 654 [2d Dept 2002]). However, as indicated, having waived the defect in service of the petition and otherwise failing to contest jurisdiction, the proceeding has been commenced within one year and 90 days of the alleged occurrence. The court finds the arguments of the respondents to be inexplicable in this regard.[3]
Respondents also appear to assert in the affirmation in opposition, and in the paper denominated “Amended Affirmation *1030 In Opposition,” that because an action was not commenced within one year and 90 days of the alleged occurrence (General Municipal Law § 50-e [5]), the petitioners are barred from obtaining the relief requested herein.[4] They argue that the filing of a federal court action is a “legal nullity” “[s]ince the service of a Notice of Claim [not done here] is a condition precedent to the filing of a Summons and Complaint.” However, the plain language of section 50-e (5) expressly contemplates the bringing of an application to serve a late notice of claim after commencement of an action and mandates that such application not be denied on that basis (see quoted language above).
The court notes its own difficulty in deciphering respondents’ arguments, which are not clearly or precisely expressed. To that end, the respondents may be arguing that filing an action in federal court does not, in any event, constitute commencing an action or special proceeding under General Municipal Law § 50-i (1) (c). If respondents’ theory (such as it may possibly be) is correct, then no action has been commenced within the one-year- and-90-day period set forth in the General Municipal Law and dismissal of the petition would be appropriate. But, this argument too must fail. Notably, although “actions” are not defined either in the General Municipal Law or the CPLR, there is no reason to accord the term such a restrictive meaning. In fact, federal courts routinely exercise pendent jurisdiction over state law claims against municipalities and there is also case law holding that the dismissal of a federal court action would constitute the “termination of [an] action,” allowing claimants to avail themselves of the tolling provision of CPLR 205 (a) for purposes of making application to serve a late notice of claim (Matter of Lipinski v County of Broome, 175 AD2d 369 [3d Dept 1991]; see generally Campbell v City of New York, 4 NY3d 200 [2005]).
Neither do the cases cited by the respondents support dismissal of this proceeding. For example, Polvino v Island Group Admin. (264 AD2d 720 [2d Dept 1999]) stands for the proposition that service of a notice of claim within 90 days of a claim’s *1031 accrual is a condition precedent to commencement of an action. Torres v City of New York (260 AD2d 368 [2d Dept 1999]) concerns the issue of prejudice caused by a late attempt to amend a timely filed notice of claim under General Municipal Law § 50-e (6), and has no applicability here. Striplin v Liberty Lines Tr. (270 AD2d 334 [2d Dept 2000]) involves the denial of an application to serve a notice of claim made after the one-year-and-90-day period. The other cases cited by the respondents are equally inapposite (e.g. Goldman v New York City Health & Hosps. Corp., 186 AD2d 629 [2d Dept 1992] [dismissal of causes of action improper where notice of claim sufficiently apprised defendants of claims]; Matter of Schmidt v Board of Coop. Educ. Servcs. of Nassau County, 253 AD2d 433 [1998] [commencement of action against employee of municipality did not obviate need to timely serve notice of claim on municipal entity]).
Having determined that the special proceeding should not be dismissed on the grounds raised by the respondents, the question is whether the petitioners have met their burden under General Municipal Law § 50-e (5). By limiting their arguments, the respondents have failed to oppose virtually any of the substantive aspects of the petitioners’ application. Of course, in determining whether to permit service of a late notice,
“a court should consider all relevant facts and circumstances, including whether an infant is involved, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation’s defense would be substantially prejudiced by the delay” (see Matter of Matarrese v New York City Health & Hosps. Corp., 215 AD2d 7, 9 [2d Dept 1995]).
Here, the uncontroverted allegations are that the delay in serving the late notice of claim was inadvertent and not calculated to mislead or confuse the respondents, that the respondents were aware of the essential facts constituting the claim, and that the respondents will not be substantially prejudiced by granting the application.
Accordingly, it is hereby ordered that the petition is granted. The notice of claim annexed to the petition is deemed timely served as of the date of hereof.

. Initially, the court notes that the petition attached to the motion is somewhat problematic because it contains no request for relief. However, the court will ignore this defect, in light of the relief sought in the motion, and will treat the petitioners’ papers as a special proceeding (see CPLR 103 [c]; 2001; cf. CPLR 406 [contemplating motions in special proceedings; under the circumstances, the court is inclined, because of the aforementioned defect, to treat the entire submission as a special proceeding]). In addition, the special proceeding was not properly commenced. In this regard, the affidavit of service accompanying the petitioners’ papers indicates that service was made by regular mail; however, mail service was not sufficient to acquire personal jurisdiction over the respondents (CPLR 103 [b]; 403 [c]). Notwithstanding, the respondents have failed to raise any objection in this regard, and, as such, have waived same (see Estate of Culbreth, NYLJ, Oct. 4, 2005, at 31, col 3, 2005 NY Misc LEXIS 4775 [Sur Ct, Kings County 2005]; cf. Matter of Lipinski v County of Broome, 175 AD2d 369 [3d Dept 1991] [objection to personal jurisdiction based on improper service of “petition” could be raised on appeal if it was raised before trial court, though not considered by it in rendering decision and order]; Matter of Lannon v Town of Henrietta, 87 AD2d 980 [4th Dept 1982]).

. According to the court’s calculation, the 455th day from October 11, 2008 was January 9, 2010, a Saturday, which would make the last date for making the instant application January 11, 2010, a Monday (General Construction Law § 25-a).

. Although not clear, it is possible that the respondents mistakenly believe that the “return date” of the motion/proceeding, which fell outside of the one-year-and-90-day period, is determinative of the issue. Significantly, it is the date the petition was filed that is determinative (see 2-304 Weinstein-KornMiller, NY Civ Frac CPLR 11 304.02).

. The respondents also assert that the court should “ignore” any information regarding the commencement of the federal court action given that it was not “raised” in the original papers. This court is cognizant of the prohibition against considering new arguments raised for the first time in reply papers (see Azzopardi v American Blower Corp., 192 AD2d 453 [1st Dept 1993]); however, it does not consider the petitioners’ assertion, in reply to an argument contained in the (original) affirmation in opposition, that it commenced a federal court action, to be impermissible or problematic, particularly, where, as here, the respondents have addressed the issue fully on the merits.